HILL, Senior Circuit Judge:
The City of Mobile prohibits nude dancing in establishments licensed to sell liquor. Two clubs brought suit seeking an injunction prohibiting the City from enforcing its ordinance. The clubs claim the ordinance violates their rights under the First Amendment to the Constitution. The district court granted summary judgment to the City. For the following reasons, we affirm.
I.
Ordinance 03-003[1] of the City of Mobile, Alabama provides:
It shall be unlawful for any manager, officer, agent, servant, employee, or person in charge of any establishment within the City of Mobile or the police jurisdiction thereof, licensed to sell spirituous or vinous liquors or malt or brewed beverages under the laws of the State of Alabama, *995 knowingly to exhibit, suffer, allow, permit, engage in, participate in, or be connected with, any motion picture, show, performance, or other presentation upon the licensed premises, which, in whole or in part, depicts nudity or sexual conducts or any simulation thereof.
Any person, firm or corporation convicted for violating this ordinance shall be fined not more than $500.00 and sentenced to imprisonment for a period not exceeding six months, at the discretion of the court trying the case.[2]
The preamble to the ordinance provides:
WHEREAS, the City Council of the City of Mobile, Alabama, finds and declares that nudity and sexual conduct and depiction thereof, coupled with alcohol in public places, encourages undesirable behavior and is not in the interest of the public health, safety, and welfare.
WHEREAS, the Council has chosen to avoid the disturbances associated with mixing alcohol and nude dancing by means of a reasonable restriction upon establishments which sell spiritous or vinous liquors or malt or brewed beverages.
NOW, THEREFORE, the Council adopts this Ordinance pursuant to the powers under the Twenty-first Amendment to the Constitution of the United States delegated to it by the State of Alabama.

Id.

Prior to the enactment of the ordinance, Sammy’s of Mobile, Ltd., (Sammy’s), and The Candy Store were licensed to sell alcoholic beverages for on-premises consumption and offered topless female dancing. Sammy’s surrendered its liquor license after the passage of the ordinance, and continues to offer topless, as well as totally nude, dancing. The Candy Store has not surrendered its license and continues to provide topless dancing. Although the City has not yet enforced the ordinance against The Candy Store, the City has expressed an intent to do so.
Sammy’s filed suit against the City in Alabama state court seeking declaratory and injunctive relief, and the City removed the action to federal district court. The complaint alleges that the ordinance is unenforceable under the doctrine of equitable estoppel and that it violates the free speech clause of the First Amendment, the takings clause of the Fifth Amendment, the equal protection clause, both the substantive and procedural guarantees of the due process clause of the Fourteenth Amendment, and the ex post facto clause.
The Candy Store filed suit in federal district court seeking injunctive relief and damages, alleging that the ordinance violates the First Amendment, the Fifth Amendment, and the equal protection clause of the Fourteenth Amendment and that the ordinance is unenforceable under the doctrine of res judicata.[3]
The two cases were consolidated and all parties moved for summary judgment. The district court granted summary judgment to the City on all claims. The court concluded that the ordinance does not offend the First Amendment under the four-part test of United States v. O’Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968), and that plaintiffs’ remaining claims lack merit. Sammy’s and The Candy Store appeal, contending that the district court erred in holding that the ordinance does not offend the First Amendment or the due process and equal protection clauses of the fourteenth Amendment. We review the district court’s grant of summary judgment de novo. Gordan v. Cochran, 116 F.3d 1438, 1439 (11th Cir.1997).
II.
The Supreme Court has long upheld ordinances such as Mobile’s. In California v. LaRue, 409 U.S. 109, 114, 93 S.Ct. 390, 395, 34 L.Ed.2d 342 (1972), the Court approved, as a valid exercise of the general police pow *996 er, an ordinance prohibiting nude dancing where liquor was sold. The Court found the “conclusion, embodied in these regulations, that certain sexual performances and the dispensing of liquor by the drink ought not to occur at premises that have licenses was not an irrational one.” Id. at 118, 93 S.Ct. at 397. Since then, many similar ordinances have been approved, including several in this circuit. See New York State Liquor Authority v. Bellanca, 452 U.S. 714, 101 S.Ct. 2599, 69 L.Ed.2d 357 (1981); City of Newport v. Iacobucci, 479 U.S. 1047, 107 S.Ct. 913, 93 L.Ed.2d 862 (1987); Lanier v. City of Newton, 842 F.2d 253 (11th Cir.1988); Int'l Eateries of America v. Broward County, 941 F.2d 1157, 1162 (11th Cir.1991); Grand Faloon Tavern, Inc. v. Wicker, 670 F.2d 943 (11th Cir.1982); Cafe 207, Inc. v. St. Johns County, 856 F.Supp. 641, 645 (M.D.Fla.1994), aff'd per curiam, 66 F.3d 272 (11th Cir.1995).
Although such ordinances regulate expressive conduct,[4] the Court has determined that they are content-neutral and should be reviewed under the intermediate level of scrutiny articulated in United States v. O’Brien, 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). Barnes v. Glen Theatre, Inc., 501 U.S. 560, 570, 111 S.Ct. 2456, 2462-63, 115 L.Ed.2d 504 (1991). Under this test, an ordinance is constitutional if: (1) the interest served is within the power of the government; (2) the regulation furthers that interest; (3) the interest served is unrelated to free expression; and (4) thei’e is no less restrictive alternative. O’Brien at 377, 88 S.Ct. at 1679 (quoted in Barnes, 501 U.S. at 567, 111 S.Ct. at 2461). In Barnes, the Court applied this test in upholding Indiana’s prohibition on public nudity as applied to nude dancing. 501 U.S. at 570, 111 S.Ct. at 2462-63.
Recently, the Supreme Court has reaffirmed the precedential value of LaRue and the Barnes-O’Brien test. 44 Liquormart, Inc. v. Rhode Island, 517 U.S. 484, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996). Although the Court disavowed the idea expressed in a long line of cases, including LaRue, that the Twenty-first Amendment lends an added presumption in favor of the validity of regulation of otherwise protected speech when it is at the site of the sale of alcoholic beverages, the Court observed that “[entirely apart from the Twenty-first Amendment, the State has ample power to prohibit the sale of alcoholic beverages in inappropriate locations.” 517 U.S. at 515, 116 S.Ct. at 1514. This power is located in the inherent police power of every state to regulate to promote public decency. Id.
The Court also reaffirmed that the Bames-O’Brien intermediate level of review applies to such ordinances. Id. Under this test, the Court concluded, even after kk Liquormart, LaRue, “would come out the same way.” Id. We are informed by this guidance and agree with the district court that the Bames-O’Brien test is applicable to the Mobile ordinance.[5]
The district court held that the Mobile ordinance passes all these tests for a constitutional regulation of expressive conduct: the regulation of public health, safety, and morals is a valid and substantial state interest; the Mobile ordinance’s statement of purpose and findings as to the problems created by the combination of alcohol and nude entertainment are sufficient to support the *997 requirement that the regulation further this interest; this interest is unrelated to the suppression of free expression; and the ordinance is narrowly tailored to the perceived problem.
We agree. The preamble to the ordinance finds that nudity and sexually explicit entertainment coupled with alcohol in public places “encourages undesirable behavior and is not in the interest of public health, safety, and welfare.” Thus, the ordinance is aimed at the very type of harm found to create a substantial government interest in LaRue, Barnes, International Eateries and a host of other cases. Furthermore, Mobile has a “reasonable basis” for believing that its ordinance will serve this substantial governmental interest. See Inti Eateries, 941 F.2d at 1162. The district court located this reasonable basis in the experience of other cities, studies done in other cities, easelaw reciting findings on the issue, as well as their own wisdom and common sense. This is sufficient.[6] The Supreme Court has itself noted that “[c]ommon sense indicates that any form of nudity coupled with alcohol in a public place begets undesirable behavior.” Bellanca, 452 U.S. at 718, 101 S.Ct. at 2601. Finally, the requirement that the dancers partially cover their breasts or cease to serve alcohol is certainly the least restriction possible which would still further the city’s interest in controlling the combustible mixture of alcohol and nudity.
The dissent believes that the ordinance does not meet the third requirement of this test, i.e., that the city’s interest be unrelated to the suppression of the message of nude dancing. Indeed, the dissent rejects the applicability of the Bames-O’Brien test itself because it finds the Mobile ordinance to be a “content-based” regulation, subject to a “searching” level of scrutiny.[7]
Characterizing Mobile’s ordinance as content-based is a clear departure from prior eases holding that such ordinances are not aimed at the erotic message of nude dancing. For example, in Barnes, the Supreme Court held that Indiana’s interest in prohibiting public nude dancing was “unrelated to the suppression of free expression.” 501 U.S. at 570, 111 S.Ct. at 2463. The Court rejected the argument that merely because nude dancing may have some expressive content, an ordinance prohibiting such dancing must be aimed at the suppression of that content. The purpose of Indiana’s statute was not to suppress the erotic message of nude dancing, but to address the evil of public nudity. Id. The Court concluded, “[i]t was not the dancing that was prohibited, but simply its being done in the nude.” Id. See also Buzzetti v. New York City, 140 F.3d 134 (2d Cir.1998) (ordinance barring adult businesses from residential zones and certain other areas is a content-neutral and aimed at curbing negative effects of adult businesses on surrounding areas rather than seeking to suppress free expression).
We too have rejected the idea that ordinances aimed at nude entertainment are nee *998 essarily content-based. In holding such an ordinance to be a valid regulation of the time, place and manner of expressive conduct, we wrote:
The only restriction imposed by the ... ordinance is in terms of the place where nude dancing may be presented [i.e., only in places not serving alcohol]. This type of regulation has been recognized as independent of expressive or communicative elements of conduct in other contexts.
Grand Faloon Tavern, 670 F.2d at 947(em-phasis added).[8]
Similarly, the Mobile ordinance does not seek to ban whatever message is conveyed by nude dancing. It does not even seek to ban nude dancing. In prohibiting nude dancing where liquor is sold, the ordinance restricts only the place or manner of nude dancing without regulating any particular message it might convey. No party disputes that the completely nude dancing which Sammy’s, having surrendered its liquor license, now presents is legal under the ordinance. Nude dancing appears to be allowed everywhere in Mobile, except where alcohol is served. Mobile is attempting only to regulate the sale of alcohol in inappropriate places and it has determined that it is inappropriately sold in places where nude dancing is offered. Therefore, the ordinance is constitutional under the Bames-O’Brien test.
Furthermore, the Bames-O’Brien test applies to this ordinance even if it is not strictly content-neutral. It is true that not all dancing is prohibited in Mobile, only nude dancing where liquor is served. To that extent, the ordinance refers to the “content” of the dancing. The dissent, however, seems to equate this reference to content with content suppression. The dissent says, for example, that the ordinance is an “outright ban targeted solely at conduct protected by the First Amendment” and that, “on its face, it singles out nude entertainment and thus the erotic message conveyed by that conduct.”[9]
The Supreme Court, however, does not equate reference to content with suppression of content. The Court applies the BamesO’Brien intermediate level of scrutiny to ordinances which distinguish between nude and clothed entertainment, but which are aimed only at the secondary effects of nude entertainment. City of Renton v. Playtime Theatres, Inc., 475 U.S. 41, 48, 106 S.Ct. 925, 929, 89 L.Ed.2d 29 (1986) (ordinance “by its terms [was] designed to prevent crime, protect city’s retail trade, maintain property values, and generally protect and preserve the quality of the city’s neighborhoods, commercial districts, and the quality of urban life”); Young v. American Mini Theatres, Inc., 427 U.S. 50, 71 n. 34, 96 S.Ct. 2440, 2453 n. 34, 49 L.Ed.2d 310 (“[i]t is [the] secondary effect [of crime and urban deterioration] which these zoning ordinances attempt to avoid, not the dissemination of ‘offensive speech’ ”).
In International Eateries, we too upheld a city ordinance regulating nude dancing aimed *999 at “protecting the quality of urban life from the secondary effects of adult businesses.” 941 F.2d at 1162. Applying Barnes-O’Brien scrutiny, we concluded that the ordinance was valid because it furthered a substantial governmental interest in regulating these secondary effects. Id. See also Buzzetti, 140 F.3d 134.
Mobile also defends its ordinance as an attempt to combat the secondary effects of nude performance in a bar atmosphere. Just as the cities in Renton, Young, and International Eateries, it seeks, geographically, to separate adult entertainment establishments from other commercial establishments—in this case, bars—in order to minimize the secondary effects of that combination.
The dissent rejects this analogy. It believes these cases are inapposite because the zoning regulations therein were “content-neutral,” as opposed to the “content-based” Mobile ordinance. The zoning ordinances in Renton, Young, and International Eateries, however, were not content-neutral. They treated adult theaters differently from other theaters. They were content-based to the same extent, and in exactly the same way, as the ordinance in Mobile which treats nude dancing differently from clothed dancing.[10]
Mobile is attempting to regulate the secondary effects of the combination of alcohol and nude dancing without prohibiting either. It does not seek to ban bars or nude dancing. Everyone can still buy a drink and watch nude dancing in Mobile. They cannot, however, do both in the same place. The dissent seems to believe this may violate the rights of the people of Mobile, but we are unaware of any constitutional right to drink while watching nude dancing.[11] Accordingly, the judgment of the district court is AFFIRMED.

. The ordinance was enacted on February 6, 1996.

. The ordinance defines "nudity” as:
[T]he showing of the human male or female genitals, pubic area, or buttocks with less than a fully opaque covering, or the showing of the female breast with less than a fully opaque covering of any portion thereof below the top of the darkened area surrounding the nipple, or the depiction of covered male genitals in a discernibly turgid state.

. The district court denied both Sammy’s and The Candy Store's motions for injunctive relief.

. The Supreme Court has recognized that nude dancing may have some expressive content. Barnes v. Glen Theatre, Inc., 501 U.S. 560, 566, 111 S.Ct. 2456, 2460, 115 L.Ed.2d 504 (1991).

. The dissent rejects the application of LaRue and Barnes to the Mobile ordinance because it believes 44 Liquormart, Inc. v. Rhode. Island, 517 U.S. 484, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996), "eviscerated” the rationale of LaRue. This conclusion is reached despite the fact that the Supreme Court in 44 Liquormart specifically cautions us against just such a view. By expressing its opinion that LaRue would come out the same way, the Court may have hoped to forestall the view that 44 Liquormart is the death knell for ordinances prohibiting nude entertainment in bars. The Court characterized the Twenty-first Amendment analysis of LaRue as merely a "buttress” to the conclusion that the First Amendment did not invalidate California’s prohibition of certain grossly sexual exhibitions in premises licensed to serve alcoholic beverages. 517 U.S. at 514-16, 116 S.Ct. at 1514. Although no longer buttressed by the added presumption of the Twenty-first Amendment, the Court was careful to remind us that such ordinances remain protected by the continued vitality of a long line of approving cases, including LaRue and Barnes.

. It is clear that under Barnes, there is no constitutional requirement that a city make particularized findings regarding the adverse effects of the combination of alcohol and nude entertainment. The Court noted that there were no findings nor any legislative history attached to the Indiana statute, but found the "statute’s purpose of protecting societal order and morality is clear from its text and history.” 501 U.S. at 568, 111 S.Ct. at 2461. See also Cafe 207, Inc. v. St. Johns County, 856 F.Supp. 641, 645 (M.D.Fla.1994), aff'd per curiam, 66 F.3d 272 (11th Cir.1995) ("It is now established as a matter of law by Supreme Court jurisprudence culminating in [Barnes ] that secondary effects of proscribed conduct may be taken into consideration by a court evaluating the governmental interests justifying impingement upon free speech rights even when, as in Barnes, there is no legislative history demonstrating that the lawmakers actually considered secondary effects or any other specific factor (such as protecting order and morality) in enacting the challenged law.”).

. The dissent's argument that the Bames-O ‘Brien test is inapposite because the Indiana statute there was content-neutral, whereas Mobile’s ordinance is content-based, ignores the claim in Barnes. While Indiana’s statute, on its face, prohibits public nudity rather than "expressive conduct,” the claim in Barnes was not that the statute was facially invalid, but that it was unconstitutional as applied to nude dancing. There was no claim in Barnes that the statute was unconstitutional because it prohibited nudity simpliciter. The claim was that the statute was unconstitutional because it prohibited nude dancing. The same claim is made against the Mobile ordinance.

. Although the dissent relies heavily on our subsequent opinions in Krueger v. City of Pensacola, 759 F.2d 851 (11th Cir.1985) and Leverett v. City of Pinellas Park, 775 F.2d 1536 (11th Cir.1985), neither undermines Grand Faloon's premise that Mobil's ordinance is content-neutral. Both cases not only do not explicitly hold that regulations such as the one at bar are content-regulatory but also do not apply the strict scrutiny appropriate for content regulations. Instead, both Krueger and Leverett require only that cities demonstrate that ordinances such as Mobile's advance "legitimate interests” and struck down nude dancing ordinances because the records in those cases did not show that the ordinances furthered any legitimate government interest unrelated to the suppression of free expression. See Krueger, 759 F.2d at-855-56; Leverett, 775 F.2d at 1540-41.

. In fact, the dissent apparently rejects the idea that any such ordinance might ever be justified as an attempt to address the undesirable secondary effects of the commingling of alcohol and nudity because such ordinances are "content-based regulations of expressive behavior.” For example, the dissent states that the reason we upheld the City of Pinellas Park's ordinance prohibiting nudity in the course of food and drink service in Leverett v. City of Pinellas Park, 775 F.2d 1536 (11th Cir.1985), was "because the ordinance did not apply to protected expression, such as dancing." (emphasis added) To the dissent, any regulation of the place or manner of nude dancing is also necessarily a regulation of the content of such expression. This contention presupposes that all nude dancing conveys the same message, when, in fact, controversy rages both in academia and society at large as to whether nude dancing, films, and other such exhibitions express messages of liberation or submission. We cannot assume that any regulation addressing nude dancing is a content regulation.

. In fact, the clothes required are few—a g-string and pasties will satisfy the statute.

. The reference in 44 Liquormart to the proposition that government may not deny a benefit to a person on a basis that infringes his constitutionally protected interests—especially his interest in freedom of speech—does not apply to this case. In 44 Liquormart, the Rhode Island ordinance banned liquor price advertising. The ordinance, therefore, did not regulate the time, place, or manner, but rather totally suppressed the commercial speech involved. The Court merely reaffirmed that a state may not ban truthful, nonmisleading commercial speech, the Twenty-first Amendment notwithstanding.
Mobile has not banned nude dancing. In La-Rue, the Court noted that "... the critical fact is that California has not forbidden these performances across the board. It has merely proscribed such performances in establishments that it licenses to sell liquor by the drink.” 409 U.S. at 118, 93 S.Ct. at 397.