PUBLISH

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 99-8265

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13 2000
THOMAS K. KAHN
CLERK

D. C. Docket No. 97-00129-3-CV-DF

WISE ENTERPRISES, INC., CRASE, INC.
d.b.a. Chelsea's, MARDI GRAS, INC.
d.b.a. Toppers International Showbar, et al.,

                                        Plaintiffs-Appellants,

versus

UNIFIED GOVERNMENT OF ATHENS-CLARKE
COUNTY, GEORGIA, JOHN S. CULPEPPER, III,
Director of Finance for the Unified Government of
Athens-Clarke County,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(July 13, 2000)**

Before ANDERSON, Chief Judge, BLACK and HALL[*], Circuit Judges.

BLACK, Circuit Judge:

_____

[*] Honorable Cynthia Holcomb Hall, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

Appellants Wise Enterprises, Inc., Crase, Inc., Mardi Gras, Inc., and Sandra Gardner appeal the district court's order granting summary judgment to Appellees Unified Government of Athens-Clarke County ("the County") and John S. Culpepper III, the Director of Finance for the County. Appellants claim the district court erred in concluding the County's Adult Entertainment Ordinance did not violate Appellants' First Amendment rights. We affirm.

## I. BACKGROUND

Appellants have operated adult entertainment establishments in Athens-Clarke County since 1992. Appellants' establishments feature nude barroom dancing contemporaneous with the serving of alcoholic beverages. On November 4, 1997, the County amended Title 6 of its code by adopting an Adult Entertainment Ordinance ("the ordinance"). The ordinance provides that a license is required for the operation of an adult entertainment establishment, and that no such license shall be issued to businesses operating in the Central Business District, a zoning district set out in the zoning ordinances of the County. *See Athens-Clarke County Code* § 6-11-9(d) (1997). The ordinance further prohibits the holder of an adult entertainment establishment license from serving, selling, distributing, or permitting the consumption or possession of alcohol or controlled substances on its premises. *See id*. § 6-11-21 (1997).

2

Approximately one month after the enactment of the ordinance, Appellant Crase simultaneously submitted to the County's finance department a renewal application for its alcoholic beverage license and an application for an adult entertainment establishment license.  In response, Appellee Culpepper sent Crase a letter stating it could not legally be licensed both to sell alcoholic beverages and to offer adult entertainment at the same location.  The letter advised Crase that if it wanted to obtain an adult entertainment establishment license, it would have to withdraw its renewal application for an alcoholic beverage license.

Appellant Mardi Gras also was rejected in its attempt to obtain an adult entertainment establishment license.  The letter Mardi Gras received from Appellee Culpepper indicated that Mardi Gras did not qualify for an adult entertainment establishment license because its establishment was located in the Central Business District.  Appellants consequently filed an action challenging the validity of the County's ordinance.  The County moved for summary judgment, and the district court granted its motion.  This appeal followed.

## II.  DISCUSSION

Appellants contend the district court erred in granting summary judgment to Appellees.  They argue the section of the ordinance prohibiting them from serving alcohol and providing adult entertainment at the same location violates their rights

under the First Amendment of the United States Constitution. Appellant Mardi Gras also challenges the portion of the ordinance that precludes adult entertainment establishments from being located in the Central Business District.

We review a district court's grant of summary judgment de novo, applying the same standards as the district court. *See Harris v. H & W Contracting Co.*, 102 F.3d 516, 518 (11th Cir. 1996). We will affirm the district court if the record demonstrates there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990).

A. <u>Restriction On Establishments That Serve Alcohol</u>

Relying heavily on the dissenting opinion in *Sammy's of Mobile, Ltd. v. City of Mobile*, 140 F.3d 993 (11th Cir. 1998), *cert. denied*, 120 S. Ct. 1553 (2000), Appellants contend the section of the County's ordinance that prohibits them from serving alcohol and providing adult entertainment at the same location is a regulation of protected expression. Appellants argue heightened scrutiny should be applied to the County's ordinance rather than the intermediate scrutiny test articulated by the Supreme Court in *United States v. O'Brien*, 391 U.S. 367, 88 S. Ct. 1673 (1968). Appellants' argument fails in light of established precedent of this Court and the Supreme Court's recent decision in *City of Erie v. Pap's A.M.*, 120 S.Ct. 1382 (2000).

In *Sammy's of Mobile, LTD v. City of Mobile*, 140 F.3d 993 (11th Cir. 1998), *cert. denied*, 120 S.Ct. 1553 (2000), and *Grand Faloon Tavern, Inc. v. Wicker*, 670 F.2d 943 (11th Cir. 1982), we upheld against constitutional attack ordinances similar to the one challenged by Appellants. The ordinances were content-neutral and thus properly analyzed under the *O'Brien* intermediate level of scrutiny. *See Sammy's*, 140 F.3d at 996; *Grand Faloon*, 670 F.2d at 947. The *O'Brien* standard applies "when a governmental entity seeks to regulate non-communicative elements of an activity and thereby imposes incidental burdens on protected expression." *Grand Faloon,* 670 F.2d at 947 (citing *O'Brien*, 391 U.S. at 376, 88 S. Ct. at 1678-79). Ordinances that prohibit nude dancing where alcohol is served or consumed are "independent of expressive or communicative elements of conduct," and thus are content-neutral. *Grand Faloon*, 670 F.2d at 947. Like the ordinances discussed in *Sammy's* and *Grand Faloon*, the County's ordinance is a content-neutral ordinance. It "restricts only the place or manner of nude dancing without regulating any particular message it might convey." *Sammy's*, 140 F.3d at 998. The ordinance does not attempt to regulate any potential communicative elements of nude dancing, nor does it limit the number of establishments where nude dancing can occur.

The Supreme Court's recent decision in *City of Erie v. Pap's A.M.*, 120 S. Ct. 1382 (2000), further mandates that we conclude the County's ordinance to be content-

neutral. In *Pap's*, the Supreme Court held that the city's ordinance prohibiting public nudity, as applied to nude dancing, should be analyzed under the *O'Brien* test because the ordinance was aimed not at suppressing the message conveyed by nude dancing, but rather at the secondary effects caused by public nudity in general and by adult entertainment establishments in particular. *See Pap's*, 120 S.Ct. at 1391-1394. The Court reasoned that a regulation which furthers legitimate government interests unrelated to the message conveyed by nude dancing should be deemed content-neutral, even if the regulation has an incidental impact on protected expression. *See id.* at 1394-95.

In this case, the preamble to the County's ordinance provides:

[I]t is the finding of the Mayor and Chair and Commission that public nudity . . . under certain circumstances, particularly circumstances related to the sale and consumption of alcoholic beverages . . . begets criminal behavior and tends to create undesirable community conditions. Among the undesirable conditions identified with nudity and alcohol are depression of property values in the surrounding neighborhood, increased expenditure for the allocation of law enforcement personnel to preserve law and order, increased burden on the judicial system as a consequence of the criminal behavior . . . and acceleration of community blight by the concentration of such establishments in particular areas. Therefore, the limitation of nude conduct in establishments licensed to sell alcohol for consumption on the premises is in the public welfare and it is a matter of governmental interest and concern to prevent the occurrence of criminal behavior and undesirable community conditions normally associated with establishments which serve alcohol and also allow and/or encourage nudity.

6

*Athens-Clarke County Code* § 6-11 (1997). The ordinance also states that its purpose is to protect the public's health, safety and welfare. *See id.* It is clear from these statements the County's ordinance is aimed at the secondary effects of nude dancing combined with the consumption of alcoholic beverages, not at the message conveyed by nude dancing. We therefore hold the district court was correct in using the intermediate scrutiny test set forth in *O'Brien*.

Under *O'Brien*, an ordinance is valid if: (1) it serves a substantial interest within the power of the government; (2) the ordinance furthers that interest; (3) the interest served is unrelated to the suppression of free expression; and (4) there is no less restrictive alternative. *See O'Brien*, 391 U.S. at 377, 88 S. Ct. at 1679. The County's stated interests in this ordinance are protecting the public welfare, preventing undesirable community conditions including the depression of property values, and reducing criminal behavior. Such interests are substantial government interests that satisfy the first part of the *O'Brien* test. *See, e.g.*, *Barnes v. Glen Theatre, Inc.*, 501 U.S. 560, 569, 111 S. Ct. 2456, 2462 (1991) (concluding the government has a substantial government interest in "protecting order and morality,"); *Grand Faloon*, 670 F.2d at 949 (noting "[t]he regulation of activity which has demonstrated a capacity to induce breaches of the peace is a traditional and legitimate subject for the exercise of a municipality's police power.").

The second prong of the *O'Brien* test mandates the challenged regulation further the government's interests. *See O'Brien*, 391 U.S. at 377, 88 S. Ct. 1679. For the County to meet its burden under this element, it must have "*some* factual basis for the claim that [adult] entertainment in establishments serving alcoholic beverages results in increased criminal activity." *Grand Faloon*, 670 F.2d at 949 (emphasis in original). The statements contained in the preamble and the minutes of the county commission meeting at which the ordinance was adopted indicate the County's enactment of the ordinance was based upon the experiences of other urban counties and municipalities, copies of studies from other jurisdictions examining the problems associated with public nudity in conjunction with the sale of alcohol, and a review of information received by the Athens-Clarke County Police Department detailing police visits to adult entertainment establishments in the County. The record thus demonstrates the County had a reasonable basis for believing the ordinance would sufficiently further its interests. *See Sammy's*, 140 F.3d at 997.

Under the third prong of the *O'Brien* test, the government interests must be unrelated to the suppression of free expression. *See O'Brien*, 391 U.S. at 377, 88 S. Ct. at 1679. There is no evidence in the record that the County passed the ordinance to discourage nude dancing or to hinder the communicative aspects of such conduct. Rather, the ordinance focuses on the secondary effects of combining nude

8

dancing and alcohol consumption. The County was "attempting only to regulate the sale of alcohol in inappropriate places and it has determined that it is inappropriately sold in places where nude dancing is offered." *Sammy's*, 140 F.2d at 998. Such a regulation is unrelated to the suppression of free expression.

The fourth prong of the *O'Brien* test requires that the incidental restriction on First Amendment rights be no greater than necessary to the furtherance of the government interests. *See O'Brien*, 391 U.S. at 377, 88 S. Ct. at 1679. The ordinance satisfies this requirement because it is narrowly tailored to the problem targeted by the County—the undesirable community conditions associated with establishments that combine alcohol and nude dancing. There is no less restrictive alternative. The ordinance does not prohibit all nude dancing, but only restricts nude dancing in those locations where the unwanted secondary effects arise.

The County's ordinance satisfies all four prongs of the *O'Brien* test. The district court was therefore correct to grant summary judgment to Appellees on Appellants' First Amendment claims.

B. Restriction On Establishments Located In The Central Business District

Appellant Mardi Gras also challenges the portion of the County's ordinance that prohibits adult entertainment establishment licenses from being issued to businesses operating in the Central Business District. We conclude the district court correctly

9

determined Appellant's claim is defeated by the Supreme Court's decision in *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 106 S. Ct. 925 (1986).

In *Renton*, the Supreme Court held that a content-neutral zoning ordinance is "properly analyzed as a form of time, place, and manner regulation." *Id*. at 46, 106 S. Ct. at 928. Thus, like all content-neutral time, place, and manner regulations, zoning ordinances "are acceptable so long as they are designed to serve a substantial governmental interest and do not unreasonably limit alternative avenues of communication." *Id*. at 47, 106 S. Ct. at 928. The County's ordinance is content-neutral because, as previously noted, it focuses on the secondary effects of adult entertainment establishments. *Cf. id*. at 47-48, 106 S. Ct. at 929. We have determined the County's interests in passing the ordinance were substantial. We further conclude the zoning provision does not unreasonably limit alternative avenues of communication. The ordinance solely prohibits Appellant from obtaining an adult entertainment establishment license for an establishment within the Central Business District. Appellant may operate an adult entertainment establishment in other locations outside the Central Business District, subject to other applicable zoning restrictions. The zoning provision of the ordinance thus satisfies the requirements of the First Amendment.

## III.  CONCLUSION

10

The County's ordinance prohibiting nude dancing at establishments that serve alcohol satisfies the four-part *O'Brien* test. The zoning provision of the ordinance is constitutional under *Renton*. Therefore, the County's Adult Entertainment Ordinance does not violate Appellants' First Amendment rights.

AFFIRMED.