**CURVES, LLC, d/b/a Curves Bar & Grill, Plaintiff,**

v.

**SPALDING COUNTY, GEORGIA, Defendant.**

**Civil Case No. 3:07–CV–10–JTC.**

United States District Court, N.D. Georgia, Newnan Division.

April 6, 2007.

Cary Stephen Wiggins, Irma I. Espino, Cook Youngelson & Wiggins, Atlanta, GA, Drago Jr. Cepar, Law Office of Aleksandra H. Bronsted, P.C., Chamblee, GA, for Plaintiff.

Charles E. Cox, Jr., Attorney at Law, Mary Mendel Katz, Chambless Higdon Richardson Katz & Griggs, Macon, GA, James R. Fortune, Jr., Janice M. Wallace, Beck Owen & Murray, Griffin, GA, for Defendant.

## *ORDER*

JACK T. CAMP, District Judge.

This case comes before this Court on Plaintiff's motion for preliminary injunction [# 2]. Plaintiff seeks an order enjoining Defendant Spalding County from enforcing provisions of the Spalding County Code which ban nude dance entertainment at Plaintiff's business establishment. The Spalding County Commission has authority to regulate such entertainment, not a Federal Court. However, it is the duty of

this Court to review such ordinances when challenged to ensure they violate no rights of Plaintiff which are protected by the United States Constitution, as interpreted by the United States Supreme Court. The right Plaintiff asserts in this case is the right of expressive conduct protected by the First Amendment. On March 6, 2007, the Court conducted a hearing on Plaintiff's motion for preliminary injunction. For the reasons stated in this order, the Court finds that Plaintiff is entitled to a preliminary injunction.

## I. Background

Opened in 2006, Plaintiff operates a sports bar in Griffin, Spalding County, Georgia, and primarily serves food and alcoholic beverages while offering "some live dance entertainment." Plaintiff describes this as "Coyote Ugly" type entertainment—female staff occasionally climb on the bar and dance for patrons. Plaintiff currently has a license from Defendant to serve alcoholic beverages. Plaintiff wishes to offer "nude dance entertainment." Plaintiff has clarified that, at a minimum, it wishes to offer "erotic dance performances in a 'G-string and pasties' format." Spalding County law enforcement has served a search warrant at Plaintiff's location on suspicion of unlicensed adult entertainment, but did not find any evidence to support any violations. However, the record contains evidence that several of Plaintiffs employees have been arrested on Plaintiff's premises for public indecency or nudity, in violation of O.C.G.A. § 16–6–8.

Plaintiff believes that if it offers nude dance entertainment, Defendant will arrest or ticket Plaintiff's management and employees and initiate proceedings to revoke its alcoholic beverage license. Thus, Plaintiff filed its Complaint and motion for preliminary injunction, arguing, among other things, that portions of the Spalding County Code violate due process and the First Amendment.

## II. Relevant Portions of the Spalding County Code

### A. Adult Business Regulations ("Adult Code")

Adult entertainment establishments are defined as "(1) Adult dancing establishments; (2) Erotic dancing establishments; (3) Adult body or physique modelling, including the related establishments and/or booths; (4) Adult bookstores; (5) Adult motion picture theaters; (6) Adult motion picture arcades; (7) Adult video stores; (8) Escort services; [and] (9) Adult motels." Spalding County Code § 6–3002(a). An adult entertainment establishment license and permit is required to operate an adult entertainment establishment. *Id.* § 6–3011(a).

The Adult Code sets out fourteen conditions that must be met in order for the County to grant an application for an adult permit:

(1) The required fee has been paid.

(2) The application conforms to all of the requirements and provisions of this article, the laws of the county, state and the United States.

(3) That the applicant(s) has not knowingly and intentionally misrepresented any information within the application.

(4) The applicant(s) has provided complete cooperation and assistance regarding the investigation as required by this article.

(5) That the applicant(s), including the partners, directors, officers and shareholders if the applicant is a partnership or corporation, has not been convicted of any felony or any non-felony involving dishonesty, fraud, deceit or any other type of moral turpitude.

(6) That the applicant(s) has not had an adult entertainment establishment license and permit, or any other similar type license or permit, previously denied, revoked or suspended by any governmental authority or entity.

(7) That the building, structure, equipment or location of the proposed site would comply with all applicable laws, including, but not limited to, all health, zoning, distance, fire, safety, and alcohol standards, requirements and regulations if the license and permit is granted.

(8) That the applicant(s) is at least twenty-one (21) years of age.

(9) That the applicant(s) or any representatives or agents thereof, has not within five (5) years of the date of the application knowingly allowed or permitted any of the specified prohibited sexual activities set forth in this article to be committed or allowed in or upon the premises of any adult entertainment establishment that the applicant(s) operates or has operated previously.

(10) That the applicant(s) will maintain a responsible person on the premises to act as manager during all times the business shall operate.

(11) That the proposed premises is not located too close to any church, school, library, governmental building or site, or any other regulated business under the Spalding County Code or the Official Code of Georgia for which such close proximity would violate this article or other related laws.

(12) That the grant of the requested license and permit to the applicant(s) would not violate this article or any other laws of this county, state or the United States.

(13) That the applicant(s) will act in full compliance of all regulations set forth within this article.

(14) That no other circumstance exists that would be detrimental to the health, safety and welfare of the citizens or lead to the degradation to the property of the county, or promote public sexual activity.

Spalding County Code § 6–3011(e).

The Adult Code provides that "[w]ithin thirty (30) days of the date of the application, the county shall render a decision ... whether to issue or deny the requested license and permit.... The applicant(s) may appeal any denial of the application by the county in accordance with the appeal procedures set forth in this article." Spalding County Code § 6–3011(f). Appeals of a denial are made to the Spalding County Manager. "The county manager shall place the appeal on the agenda of the next regular meeting of the board of county commissioners from the date of the appeal. The board of commissioners shall then set a hearing date for the appeal or appoint a hearing officer to conduct said hearing." *Id.* § 6–3011(g). There is no time limit for a decision by the Board of Commissioners.

B. *Sale of Alcoholic Beverages for Consumption on Premises ("Alcohol Code")*

The Alcohol Code prohibits
any person to perform acts of or acts which constitute or simulate:

(1) Sexual intercourse, masturbation, sodomy, bestiality, oral copulation, flagellation, or any sexual acts which are prohibited by law;

(2) The touching, caressing or fondling of the breast, buttocks, anus or genitals; and

(3) The displaying of any portion of the areola of the female breast, or any portion of his or her pubic hair, cleft of the buttocks, anus, vulva or genitals.

(4) Nor shall any licensee permit the showing, display or exhibit, on licensed

premises, any film, still picture, electronic reproduction or any other visual reproduction or image of any act or conduct described in paragraphs (1), (2), and (3) of this subsection.

(5) Nor shall any licensee permit any person in the licensed premises to view from the licensed premises, by glass partition or other artifice, an act or conduct described in paragraphs (1), (2), (3), or (4) hereof, and performed on premises other than the licensed premises.

Spalding County Code § 6–1071(f). The Code also provides that

(h) No licensee shall permit any person to remain or about the licensed premises who exposes to public view any portion of the areola of the female breast or any portion of his or her pubic hair, cleft of the buttocks, anus, vulva or genitals.
* * *

(n) It shall be unlawful for any licensee hereunder to employ, hire, or otherwise engage any entertainment act which includes or simulates any of the activities prohibited herein; or any entertainment which includes the removal of any article of clothing; or any entertainment in which the entertainer is less than fully clothed, including dress, or shirt or blouse and outer pants or skirt.

(o) It shall be unlawful for any licensee hereunder to permit any act or show with nudity on the premises of the licensee or to permit nude or seminude employees or patrons on the premises.

(p) It shall be unlawful for any licensee hereunder to permit any activity, whether hired performers, employees, patrons, or others, having sexual connotations, including but not limited to "wet teeshirt contests" and the like.

*Id.* § 6–1071.

## III. Preliminary Injunction Standard

■ "A district court may grant injunctive relief if the movant shows the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir.1998). A preliminary injunction is "an extraordinary and drastic remedy," and the movant has the burden of clearly establishing each of the four requisites. *Id.*

## IV. Discussion

### A. The First Amendment

■ The First Amendment provides that "Congress shall make no law ... abridging the freedom of speech." U.S. Const. amend. I. "The hallmark of the protection of free speech is to allow 'free trade in ideas'-even ideas that the overwhelming majority of people might find distasteful or discomforting." *Virginia v. Black,* 538 U.S. 343, 358, 123 S.Ct. 1536, 1547, 155 L.Ed.2d 535 (2003). In addition to speech or spoken word, "[t]he First Amendment affords protection to symbolic or expressive conduct." *Id.* Nude dancing, in general, "is expressive conduct within the outer perimeters of the First Amendment," albeit "only marginally so." *Barnes v. Glen Theatre, Inc.,* 501 U.S. 560, 566, 111 S.Ct. 2456, 2460, 115 L.Ed.2d 504 (1991). "Although the customary 'barroom' type of nude dancing may involve only the barest minimum of protected expression," "this form of entertainment might be entitled to First and Fourteenth Amendment protection under some circumstances." *Id.* at 565, 111 S.Ct. at 2460 (quotation marks and alteration omitted).

■ As noted in *Barnes,* the First Amendment's protections are not absolute,

and the Supreme Court has "long recognized that the government may regulate certain categories of expression consistent with the Constitution." *Black,* 538 U.S. at 358, 123 S.Ct. at 1547. States[1] possess, as part of their traditional police powers, "the authority to provide for the public health, safety, and morals" of their citizens, and may use these powers to regulate conduct such as nude dancing. *Barnes,* 501 U.S. at 569, 111 S.Ct. at 2462. States, by exercising their police powers, may also prohibit nude dancing where alcohol is sold. *See Sammy's of Mobile, Ltd. v. City of Mobile,* 140 F.3d 993, 995–96 (11th Cir.1998). However, "activity protected by the First Amendment can be regulated if the regulation furthers a substantial government interest and constitutes only an incidental limitation on the expressive activity." *Redner v. Dean,* 29 F.3d 1495, 1499 (11th Cir.1994).

Additionally, the Constitution mandates that licensing ordinances, such as the Adult Code, must comply with procedural requirements. The Supreme Court has stated that

> an ordinance which ... makes the peaceful enjoyment of freedoms which the Constitution guarantees contingent upon the uncontrolled will of an official-as by requiring a permit or license which may be granted or withheld in the discretion of such official-is an unconstitutional censorship or prior restraint[2] upon the enjoyment of those freedoms.

*Shuttlesworth v. City of Birmingham,* 394 U.S. 147, 151, 89 S.Ct. 935, 939, 22 L.Ed.2d 162 (1969) (quotation marks omitted). The Supreme Court has also recognized that "a prior restraint that fails to place limits on the time within which the decisionmaker must issue the license is impermissible." *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 226, 110 S.Ct. 596, 605, 107 L.Ed.2d 603 (1990). The Eleventh Circuit has described the procedural requirements succinctly: "[a]s a form of prior restraint, licensing schemes commonly contain two defects: discretion and the opportunity for delay." *Lady J. Lingerie, Inc. v. City of Jacksonville,* 176 F.3d 1358, 1361 (11th Cir.1999).

Thus, it is often the procedural requirements, not the authority of local governments to regulate activities in the community, that brings these types of cases before the courts. So it is in this case. Plaintiff does not challenge Defendant's authority to regulate nude dancing or alcohol, but argues that the Adult Code, on its face, imposes a "prior restraint" upon expression which fails to guarantee prompt decision-making and allows unbridled discretion. Plaintiff contends that the Alcohol Code is, among other things, not supported by evidence of any adverse secondary effects upon the community which justify the regulation. Accordingly, the Court will review the Adult Code and Alcohol Code for compliance with the Constitution's procedural requirements.

*B. Likelihood of Success on the Merits*

*1. The Adult Code*

*a. Delay*

"[O]rdinances must contain two procedural safeguards to ensure prompt

---

1. Georgia has delegated some of its police power to counties: "The governing authority of each county, for the purpose of protecting and preserving the public health, safety, and welfare, is authorized to adopt ordinances for the governing and policing of the unincorporated areas of the county ..." O.C.G.A. § 36-1-20(a).

2. Stated another way, "[a] prior restraint of expression exists when the government can deny access to a forum before the expression occurs." *United States v. Frandsen,* 212 F.3d 1231, 1236–37 (11th Cir.2000).

decision-making: (1) licensing officials must be required to make prompt decisions; and (2) prompt judicial review must be available to correct erroneous denials." *Lady J.,* 176 F.3d at 1362–63. "To satisfy the time-limit requirement, an ordinance must ensure that permitting decisions are made within a specified time period." *Solantic, LLC v. City of Neptune Beach,* 410 F.3d 1250, 1271 (11th Cir.2005) (quotation marks omitted). This requires "that the ordinance contain a specific provision explicitly limiting the period of time within which licensing officials must make permitting *decisions." Id.* (emphasis added). An ordinance only requiring a hearing within a number of days of application or allowing a business to conditionally begin operating after that time until the application is denied does not satisfy the time-limit requirement. *Id.* The ordinance does not satisfy the requirement unless it provides "for what would happen if the [government entity], because of bad faith or innocent bureaucratic delays, fails to act on an application before the deadline." *Id.* at 1272 (quotation marks omitted).

As for judicial review, the Eleventh Circuit has "never squarely held that an explicit judicial review provision is essential. It may be enough that state law provides a general right to judicial review of administrative decisions." *Lady J.,* 176 F.3d at 1363. However, the Eleventh Circuit indicated that it "seems to adhere" to the view that "a state's statutory or common-law mechanisms for review of administrative decisions does not satisfy the procedural requirements." *Redner,* 29 F.3d at 1501 n. 9.

■ The Adult Code does not satisfy the temporal requirements. Although the Code requires a decision to be made within thirty days of an application, Spalding County Code § 6–3011(f), and provides for appeal to the Spalding County Board of Commissioners, *id.* § 6–3011(g), the Adult Code does not specify any time limits for the Board to conduct a hearing or reach a decision.

This is almost identical to the ordinance in *Redner,* where the Eleventh Circuit noted that "[a]fter an applicant appeals to the Board, the Ordinance provides no specific time frame in which the Board must schedule a hearing or reach a decision. During this time, judicial review of the Administrator's decision would not be available because the administrative action would still be pending." *Redner,* 29 F.3d at 1502. There, the Eleventh Circuit rejected the government's argument that prompt judicial review was available in that an applicant could forgo the appeal process and proceed immediately to state court. *Id.* The Eleventh Circuit stated that an applicant risks foreclosing prompt judicial review by following the ordinance's appellate procedure and risks that a state court would decline review for failure to exhaust administrative remedies, noting that not all challenges will be constitutional and not subject to exhaustion, if the applicant proceeds directly to state court. *Id.*

Therefore, the Court finds that Plaintiff has a substantial likelihood of success on the merits of its challenge with respect to the opportunity for delay.

### b. Discretion

■ "An ordinance that gives public officials the power to decide whether to permit expressive activity must contain precise and objective criteria on which they must make their decisions; an ordinance that gives too much discretion to public officials is invalid." *Lady J.,* 176 F.3d at 1361. "[S]tatutes may not give public officials 'unbridled' discretion to deny permission to engage in constitutionally protected expression. This implies that some measure of discretion is accept-

able, but the cases show that virtually any amount of discretion beyond the merely ministerial is suspect. Standards must be *precise* and *objective.*" *Id.* at 1362 (citations omitted). In *Lady J.*, the Eleventh Circuit barred enforcement against adult businesses of zoning provisions that stated only general "compatibility" or "environmental" considerations without specific objective requirements. *Id.* The Eleventh Circuit pointed to a requirement that buildings must be "*sufficiently* accessible to permit entry onto the property by fire, police, rescue and other services" as an example of a requirement that was neither precise nor objective. *Id.* In *Fly Fish, Inc. v. City of Cocoa Beach*, 337 F.3d 1301, 1313 (11th Cir.2003), the Eleventh Circuit reiterated its previous holdings, stating that the ordinance in that case, which provided for denial of a license if "the granting of the application would violate either a statute or ordinance or an order from a Court of law that effectively prohibits the applicant from obtaining an adult entertainment establishment license," was an unconstitutional prior restraint because it "permit[ted] city officials to decide which statutes or ordinances apply, whether the applicant has violated those laws, and whether they 'effectively' prohibit the applicant from obtaining a license."

 At the hearing, Plaintiff pointed to subsections (2), (4), (7), (11), (13), and (14) of § 6–3011(e) as examples of Defendant's unbridled discretion in the Adult Code. Subsection (2), which requires that an application conform "to all of the requirements and provisions of this article, the laws of the county, state and the United States," and subsection (14), which requires "[t]hat no other circumstance exists that would be detrimental to the health, safety and welfare of the citizens or lead to the degradation to the property of the county, or promote public sexual activity,"

at minimum, contain language similar or identical to the ordinances in *Lady J.* and *Fly Fish* and grant Defendant the type of unbridled discretion held to be invalid in those cases. Therefore, the Court finds that Plaintiff has a substantial likelihood of success on the merits of its challenge with respect to improper discretion.

### 2. The Alcohol Code

 Although Plaintiff argued at the hearing that strict scrutiny should apply, the Eleventh Circuit "specifically has held that a prohibition on the sale of alcohol at adult entertainment venues, much like the ordinances at issue in this case, was content-neutral and subject to the *O'Brien* test." *Artistic Entm't, Inc. v. City of Warner Robins,* 223 F.3d 1306, 1309 (11th Cir.2000). Under the test in *United States v. O'Brien,* 391 U.S. 367, 377, 88 S.Ct. 1673, 1679, 20 L.Ed.2d 672 (1968), "an ordinance is constitutional if: (1) the interest served is within the power of the government; (2) the regulation furthers that interest; (3) the interest served is unrelated to free expression; and (4) there is no less restrictive alternative." *Sammy's,* 140 F.3d at 996.

 The Alcohol Code here satisfies the first and third prongs, as "an ordinance focusing on the secondary effects associated with the combination of nude dancing and alcohol consumption is unrelated to the suppression of free expression." *Flanigan's Enters., Inc. of Ga. v. Fulton County,* 242 F.3d 976, 984 (11th Cir.2001). "[S]uch a restriction on First Amendment rights is no greater than necessary to further the government's interest, as required under the fourth prong of the *O'Brien* test." *Id.*

 As to the second prong, however, the Eleventh Circuit "require[s] some reasonable justification for legislation which suppresses, albeit incidentally, protected

expression." *Id.* at 985. The government entity "must have some factual basis for the claim that [adult] entertainment in establishments serving alcoholic beverages results in increased criminal activity and other undesirable community conditions." *Id.* (quotation marks omitted). "In terms of demonstrating that such secondary effects pose a threat, the city need not conduct new studies or produce evidence independent of that already generated by other cities so long as whatever evidence the city relies upon is reasonably believed to be relevant to the problem that the city addresses." *Id.* (quotation marks and alteration omitted).

Defendant concedes that the Alcohol Code does not include a statement of purpose and that there is no indication of one in the minutes. Defendant contends that its intent can be inferred from common sense and promulgation of the Adult Code. However, there is no basis that a court "may presume the evidence needed to meet the second prong of the *O'Brien* test." *Flanigan's*, 242 F.3d at 985. While government officials may rely on such things as the experience of other cities, foreign studies, case law reciting findings, *as well as* the officials' own wisdom and common sense, the officials must point to something, and the evidence must support the officials' conclusions. *Id.* at 985–86; *see also id.* at 987 (government "may not ban nude dancing in establishments licensed to sell liquor without any factual basis to support the claim that these establishments are connected with negative secondary effects" and "to satisfy the *O'Brien* test, the county must demonstrate that it reasonably relied upon evidence relevant to the problem that it addresses"); *Peek–A–Boo Lounge of Bradenton, Inc. v. Ma-*

*natee County*, 337 F.3d 1251, 1266–68 (11th Cir.2003).

Defendant attempts to rely on the Supreme Court's decision in *Barnes*, 501 U.S. at 567–68, 111 S.Ct. at 2461, which upheld an Indiana statute banning public nudity in the absence of evidence of how the government's interest was furthered by the ban. The Eleventh Circuit has rejected this type of argument, noting that the Supreme Court in *Barnes* "found that the history of Indiana's public indecency statute, dating from 1831, evinced that the statute furthered the government's interest in protecting societal order and morality." *Flanigan's*, 242 F.3d at 985 & n. 11. No such legislative record or history exists in this case. The original Alcohol Code was promulgated in 1974, and the provisions at issue here were added in 1989. Thus, given the Eleventh Circuit's clear requirement that a county must offer *some* evidence to support the connection to secondary effects and the fact that Defendant concedes that there is *no* evidence, the Court finds that Plaintiff has a substantial likelihood of success on the merits of its challenge based on lack of a legislative record.[3]

### C. Remaining Preliminary Injunction Factors

■■■ Because "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury," *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 2690, 49 L.Ed.2d 547 (1976), and "[t]he public interest is served by the maintenance of First Amendment freedoms and could not possibly be served by the enforcement of an unconstitutional Ordinance," *Howard v. City of Jacksonville*, 109 F.Supp.2d 1360, 1365 (M.D.Fla.2000), the Court finds that

---

**3.** Because Plaintiff will likely succeed on an intermediate scrutiny challenge, the Court will not address Plaintiff's overbreadth and vagueness arguments.

Plaintiff will suffer irreparable injury, that injury outweighs any potential harm, and an injunction would not be adverse to the public interest.

## V. Conclusion

As detailed above, the Court finds that Plaintiff is entitled to a preliminary injunction. However, in light of the severability clause[4] contained in the Adult Code and the Alcohol Code's prohibition of certain acts on the licensed premises, among other concerns, the Court encourages the parties to confer and jointly submit a proposed injunction based upon this Order no later than Monday, April 30, 2007. Any jointly proposed injunction would be based upon the Court's ruling as stated in this Order and would not waive any legal position of either party for purposes of appeal.

If the parties cannot agree, the Court **DIRECTS** Plaintiff to submit a proposed injunction no later than Monday, April 30, 2007, and Defendant to submit objections no later than Monday, May 7, 2007. At that juncture, the Court will either enter judgment based upon the parties' submissions or schedule a hearing.

---

4. "In the event any portion of this article or its application to any person(s) or circumstance(s) which is held to be invalid by a court of competent jurisdiction, then the remaining provisions of this article, or the application to other persons or circumstances shall not be affected by said court ruling and shall remain in full effect and force." Spalding County Code § 6–3014.