[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2012
JOHN LEY
CLERK

No. 10-13871

_____

D. C. Docket No. 3:07-cv-00010-JTC

CURVES, LLC,
d.b.a. Curves Bar & Grill,
JAMES D. GANN,

Plaintiffs-Appellants,

versus

SPALDING COUNTY, GEORGIA,
CAPTAIN TONY RANIERI,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 6, 2012)

Before EDMONDSON and WILSON, Circuit Judges, and VINSON,[*] District Judge.


PER CURIAM:


Plaintiffs operated an alcohol-selling nightclub in Spalding County, Georgia. Defendant Spalding County's ordinances prohibit nude dancing where alcohol is sold. Plaintiffs sued, challenging the constitutionality of the ordinances and asserting claims for malicious arrest and malicious prosecution. The District Court granted summary judgment in favor of Defendants on Plaintiffs' constitutional claims. The District Court also granted summary judgment in favor of Defendants on Plaintiffs' malicious arrest and malicious prosecution claims.

Plaintiffs appeal the District Court's summary judgment ruling on the merits. In addition, Plaintiffs also question the impartiality of the District Judge -- former Judge Jack Camp -- and seek retroactive recusal and vacatur of summary judgment.

We affirm the District Court's decision granting summary judgment in favor of Defendants.

---

[*]Honorable C. Roger Vinson, United States District Judge for the Northern District of Florida, sitting by designation.

BACKGROUND

Curves opened for business in 2006. It was licensed to sell alcohol and operated as a sports bar in Spalding County ("the County"). Curves began offering fully nude dance entertainment in April 2007; before then, sometimes waitresses would merely "flash" their bare breasts at patrons.

After undercover operations and investigation by the authorities, Curves filed suit to challenge the constitutionality of the County's alcohol and adult ordinances (the "Original Alcohol Ordinance" and the "Original Adult Ordinance"). In February 2007, Curves sought to enjoin Defendants from enforcing the ordinances.

After an evidentiary hearing the District Court granted a preliminary injunction, which enjoined Defendants from enforcing parts -- but not all -- of the ordinances.[1] The District Court denied Curves's motion to enjoin section 6-3013, the provision of the Original Adult Ordinance that prohibited nude dancing in

---

[1]The District Court concluded that Curves would be likely to succeed in its challenge to section 6-1071 of the Original Alcohol Ordinance (because the Ordinance lacked a statement of purpose and no legislative record existed of the adverse secondary effects of alcohol and places of adult entertainment) and sections 6-3011 and 6-3012 of the Original Adult Ordinance (because the permitting scheme seemed like a prior restraint, allowing for impermissible delay and too much discretion to county officials).

places that serve alcohol.  So, section 6-3013 continued to prohibit Curves from offering nude dancing while it also sold alcohol.  Curves appealed to this Court.

Despite the continued operation of section 6-3013, Curves offered nude dancing together with alcohol.  Spalding County, in turn, enforced section 6-3013.  Defendant Tony  Ranieri, a law enforcement officer, would enter Curves and determine whether Curves was serving alcohol while simultaneously offering live nude entertainment.  Witnessing both live nudity and the serving of alcohol, Ranieri would cite Curves's manager, Plaintiff James Gann, for a violation of section 6-3013.  Ranieri issued these citations about once per week between 17 May 2007 and 24 August 2007.

On 23 August 2007, Spalding County repealed both the Original Adult Ordinance and the Original Alcohol Ordinance and replaced them with two new ordinances:

- Ordinance No. 2007-17, Spalding County Code §§ 6-3001 through 6-3016 ("Amended Adult Ordinance"); and
- Ordinance No. 2007-18, Spalding County Code § 6-1071 ("Amended Alcohol Ordinance").

The amended ordinances took effect on 28 August 2007.  After the County repealed the original ordinances, this Court dismissed Plaintiffs' then-pending appeal as moot.  Curves LLC v. Spalding Cty., No. 07-12577 (11th Cir. Dec. 28, 2007) (order dismissing appeal as moot).

4

Curves determined that it could not operate successfully without the ability both to sell alcohol and to offer nude dancing. So, Curves went out of business.

Plaintiffs then filed an amended complaint in the District Court, alleging that parts of the original and amended ordinances violated the First Amendment, that is, prevented the club from offering nude dancing. Plaintiffs also asserted a state-law-based malicious arrest claim and a federal-law-based malicious prosecution claim. Plaintiffs sought damages and fees only, abandoning all claims for declaratory and injunctive relief.

The District Court granted summary judgment in favor of Defendants. Plaintiffs appeal.

DISCUSSION

I.      Retroactive Recusal and Vacatur

Plaintiffs contend that former Judge Jack Camp -- who presided over and ruled on summary judgment -- should be retroactively recused pursuant to 28 U.S.C. § 455(a) and (b)(1) and that Judge Camp's summary judgment order should

5

be vacated pursuant to Federal Rule of Civil Procedure 60(b)(6).[2]  After Judge Camp's rulings in this case, federal law officers arrested Judge Camp and charged him with crimes.  That Judge Camp -- around the time he was deciding this case -- frequented Atlanta-area, nude-dancing clubs has become known.  Judge Camp's conduct was, in fact, unrelated to this case.  No one contends that Judge Camp had visited the Curves club.  Judge Camp ultimately pleaded guilty to criminal charges and resigned his office.

About retroactive recusal, section 455(a) requires recusal where "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality."  Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000).  The pertinent facts in the present case were not disputed.  Judge Camp, therefore, decided no disputes of operative fact that were essential to the outcome of this case.[3]  And we review de novo Judge Camp's legal conclusions: that is, we give

---

[2]Pursuant to Rule 60(b) and 62.1, Plaintiffs sought an indicative ruling about retroactive recusal and vacatur in the District Court before Judge Thomas W. Thrash.  Plaintiffs failed to file a notice of appeal from Judge Thrash's denial of Plaintiffs' motion.  According to Defendants, Plaintiffs' failure to file a notice of appeal deprives us of jurisdiction to decide the retroactive recusal and vacatur issues.  We disagree.  Plaintiffs filed a notice of appeal from Judge Camp's entry of summary judgment against Plaintiffs.  Plaintiffs' briefing to this Court, in the appeal Plaintiffs did notice, raised the issues of retroactive recusal and vacatur, which can be raised for the first time on appeal; the issues are properly before us.  We are not reviewing Judge Thrash's decision.  We are reviewing the grant of summary judgment.  For the issues of recusal and vacatur raised for the first time on appeal, we review for plain error.  Hamm v. Members of Bd. of Regents, 708 F.2d 647, 651 (11th Cir. 1983).

[3]Plaintiffs contend that Judge Camp made at least one essential factual ruling:  Plaintiffs say that Judge Camp decided that no factual issue existed about the County's "predominant intent" in

his legal conclusions no deference. On this record, no fully informed and objectively reasonable lay observer would seriously doubt Judge Camp's impartiality because of conduct in his private life which was unrelated, in fact, to this case or to these parties. Section 455(a) does not mandate retroactive recusal.

Recusal pursuant to section 455(b)(1) requires that the judge "actually has a personal bias or prejudice concerning a party[.]" United States v. Amedeo, 487 F.3d 823, 828 (11th Cir. 2007) (internal quotations omitted) (emphasis in original). Section 455(b)(1) is therefore narrower than section 455(a). Liteky v. United States, 114 S. Ct. 1147, 1156 (1994). No record evidence shows that Judge Camp actually had personal bias or prejudice concerning a party. Section 455(b)(1) does not require retroactive recusal.

Rule 60(b) vacatur for a potential section 455 violation involves consideration of these factors: the risk of injustice to the parties; the risk that denial of relief will produce injustice in other cases; and the risk of undermining the public's confidence in the judicial process. Liljeberg v. Health Services Acquisition Corp., 108 S. Ct. 2194, 2205 (1988).

---

enacting the challenged ordinances. For reasons more thoroughly discussed below, we -- as a matter of law -- reject Plaintiffs' assertion that the record reflects a genuine issue of material fact about the County's "predominant intent."

7

In this appeal from summary judgment, we review the record de novo: we give no deference to the District Court. So, injustice -- if any -- to these parties will be cured by our fresh review. Furthermore, because of our de novo review and because Judge Camp has resigned, the risk of injustice to other parties is non-existent. And because no fully informed objectively reasonable person would entertain significant doubt about Judge Camp's impartiality about this case, the public's confidence in the judicial process cannot be said to be undermined, especially in the light of our de novo review. The law does not require us to vacate Judge Camp's summary judgment decision.

II.    *Plaintiffs' Constitutional Challenges to the Amended Alcohol Ordinance and the Amended Adult Ordinance*

At the outset, we note that Plaintiffs' briefs chiefly challenge the constitutionality of the Amended Adult Ordinance. For reasons discussed below, however, our review focuses on the Amended Alcohol Ordinance.

We first conclude that the Amended Alcohol Ordinance is constitutional. Because this conclusion is dispositive of this case, we do not reach the constitutionality of the Amended Adult Ordinance. But because the Amended Alcohol Ordinance incorporates by reference certain parts of the Amended Adult

Ordinance, we do discuss those directly incorporated parts of the Amended Adult Ordinance that Plaintiffs challenge.

To be clear, in reviewing the constitutionality of the two amended ordinances, we will only address these arguments: (1) Plaintiffs' arguments that "plainly and prominently" challenge the constitutionality of the Amended Alcohol Ordinance[4]; and (2) Plaintiffs' arguments about the parts of the Amended Adult Ordinance that the text of the Amended Alcohol Ordinance explicitly incorporates by reference. We will address no other arguments because a full adjudication of this appeal requires us to address no other arguments.

## A. Constitutionality of the Amended Alcohol Ordinance

Plaintiffs contend that the Amended Alcohol Ordinance violates the First Amendment. We reject Plaintiffs' contention.

On appeal from a grant of summary judgment, we review the District Court's legal conclusions de novo and view all evidenced facts in the light most favorable to the non-moving party. E.g., Galvez v. Bruce, 552 F.3d 1238, 1241

---

[4]"Under our caselaw, a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate. Otherwise, the issue -- even if properly preserved at trial -- will be considered abandoned." United States v. Jernigan, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

(11th Cir. 2008). We review the constitutionality of statutes de novo. Ranch House, Inc. v. Amerson, 238 F.3d 1273, 1277 (11th Cir. 2001).

i. Constitutionality under O'Brien

"[A] city ordinance prohibiting nude dancing in establishments licensed to sell liquor is content-neutral and therefore, subject to review under the O'Brien test." Flanigan's Enterprises, Inc. v. Fulton Cty., 596 F.3d 1265, 1276 (11th Cir. 2010) (quotation marks omitted). Because the Amended Alcohol Ordinance targets the undesirable secondary effects of nude dancing and alcohol sales, the Ordinance in this case is "independent of expressive or communicative elements of conduct, and thus [is] content-neutral." Wise Enterprises, Inc. v. Unified Gov't of Athens-Clarke Cty., 217 F.3d 1360, 1363 (11th Cir. 2000) (quotation marks omitted). Therefore, we review the Amended Alcohol Ordinance under the O'Brien test.

The O'Brien test requires these things: (1) the ordinance is within the constitutional power of the government; (2) it furthers an important or substantial governmental interest; (3) the government interest is unrelated to the suppression of free expression; and (4) the incidental restriction on the alleged First

10

Amendment freedoms is no greater than is essential to the furtherance of that interest. United States v. O'Brien, 88 S. Ct. 1673, 1679 (1968).

Here, the Amended Alcohol Ordinance satisfies the four-part O'Brien test. About the first part, we have "approved, as a valid exercise of the general police power, an ordinance prohibiting nude dancing where liquor was sold." Sammy's of Mobile, Ltd. v. City of Mobile, 140 F.3d 993, 995-96 (11th Cir. 1998); see also 44 Liquormart, Inc. v. Rhode Island, 116 S. Ct. 1495, 1514 (1996).

About the second part, an ordinance focusing on the deleterious secondary effects associated with adult entertainment undoubtedly represents a "substantial government interest." E.g., Daytona Grand, Inc. v. City of Daytona Beach, 490 F.3d 860, 873-74 (11th Cir. 2007).

The County provided factual evidence to support the substantialness of the government interest in reducing the secondary effects. For example, the County's Board of Commissioners considered live testimony, a compilation of studies, and various judicial decisions. And the Ordinance includes a preamble that describes the public purpose and reasons supporting the Ordinance's enactment. The County demonstrated that it had the required reasonable basis "for believing that

its ordinance will serve [a] substantial governmental interest." Sammy's, 140 F.3d at 997.[5]

To satisfy the third part of the O'Brien test, the ordinance must be unrelated to the suppression of free expression. We have made clear that "[o]rdinances that prohibit nude dancing where alcohol is served or consumed are independent of expressive or communicative elements of conduct, and thus are content-neutral." Wise Enterprises, 217 F.3d at 1363 (internal quotations omitted). The Amended Alcohol Ordinance here represents precisely such a content-neutral ordinance that this Court has found to be "unrelated to the suppression of free expression." Id. at 1364.[6]

About the test's fourth part, we have upheld similar nude-dancing-while-selling-alcohol bans. The Amended Alcohol Ordinance does not prohibit all nude dancing. To the contrary, the Amended Alcohol Ordinance "is narrowly tailored to the problem targeted by the County -- the undesirable community conditions

---

[5]In an effort to undermine the County's evidence, Curves points, for example, to the speed with which the County acted to pass the new ordinances and the purported hostility to adult entertainment on the part of some County Commissioners. As a matter of law, we conclude that the County's evidence sufficiently supports the County's rationale and that Plaintiffs' unsubstantiated theories about legislative intent fail to undercut the County's factual findings. No genuine issue of material fact exists on this record. On a related point, we also conclude that on this record no genuine issue of material fact exists about the availability of sufficient alternative avenues to open and operate adult businesses.

[6]As noted above, we reject Plaintiffs' contentions that the County's "predominant intent" in enacting the Amended Alcohol Ordinance was to target nude dancing, on the basis of content.

12

associated with establishments that combine alcohol and nude dancing." Id. at 1365. The Amended Alcohol Ordinance complies with the O'Brien test's fourth and final part: the restrictions are narrowly tailored and no greater than is essential to the furtherance of the government's substantial interest.[7] The Amended Alcohol Ordinance satisfies O'Brien's four-part test.

ii. Overbreadth

Plaintiffs also challenge the Amended Alcohol Ordinance on overbreadth grounds. To adjudicate this portion of Plaintiffs' appeal requires us to address certain parts of the Amended Adult Ordinance: Plaintiffs contend that parts of the Amended Alcohol Ordinance are unconstitutional because section 6-1071(f) incorporates allegedly overbroad definitions from the Amended Adult Ordinance.

On First Amendment overbreadth grounds, a law is facially invalid if it "punishes a 'substantial' amount of protected free speech, 'judged in relation to the statute's plainly legitimate sweep.'" Virginia v. Hicks, 123 S. Ct. 2191, 2196 (2003) (quoting Broadrick v. Oklahoma, 93 S. Ct. 2908, 2918 (1973)). The

_____

[7]That the Amended Alcohol Ordinance bans alcohol and the "simulation" of "specified sexual activity" does not -- contrary to Plaintiffs' assertions -- cause the Ordinance to violate O'Brien's narrow-tailoring requirement. Nor do other statutory definitions used in the context of the Amended Alcohol Ordinance violate O'Brien's narrow-tailoring requirement.

Supreme Court cautions that overbreadth is "strong medicine" to be used "sparingly and only as a last resort." Broadrick, 93 S. Ct. at 2916.

Plaintiffs contend that portions of the Amended Alcohol Ordinance are unconstitutional because section 6-1071(f) incorporates allegedly overbroad definitions from the Amended Adult Ordinance. Plaintiffs most directly challenge the Amended Alcohol Ordinance's regulation of the performance or simulation of any "specified sexual activity" in 6-1071(f)(2) (and (f)(3)), and the definition of "adult entertainment establishment" in 6-1071(f)(4).[8]

Plaintiffs say the definition of "specified sexual activity" is too broad because, among other reasons, it bans "simulated" conduct and "erotic touching." Plaintiffs cite, for example, to a (distinguishable) Seventh Circuit case to argue that the ordinance prohibits "the performance of a strikingly wide array of sexually explicit dance movements." Schultz v. City of Cumberland, 228 F.3d 831, 847 (7th Cir. 2000). But the Amended Alcohol Ordinance does not inherently ban nude dancing at all, even nude dancing that includes "simulated" conduct and "erotic touching." The Amended Alcohol Ordinance just disallows such acts in a

_____

[8]Contrary to Plaintiffs' contentions, our decision in Artistic Entm't, Inc. v. City of Warner Robins, 331 F.3d 1196 (11th Cir. 2003), does not control this case. Artistic involved the continuing validity of definitions set out in a statute that was struck down as unconstitutional. Here, by contrast, the definitions referenced by the Amended Alcohol Ordinance are set out in the Amended Adult Ordinance, and we do not address the constitutionality of the Amended Adult Ordinance. So, Artistic is distinguishable and does not control this case.

14

commercial venue <u>where alcohol is sold</u>.  The statute is not overbroad on this basis.

Plaintiffs also say "adult entertainment establishment" and other similar statutory definitions are too broad because the definitions could cover an impermissibly broad range of commercial establishments where some artistic kinds of nudity or other sexual expression might occur, and might even cover non-commercial places.  We cannot agree.

First, the Amended Alcohol Ordinance in section (f)(5) contains a "mainstream exception."[9]  Section (f)(5) clearly excepts different establishments

---

[9]The Amended Alcohol Ordinance's "mainstream exception" is set out in the Amended Alcohol Ordinance itself.  Although Plaintiffs challenge the Amended Adult Ordinance's similar mainstream exception, Plaintiffs' briefing does not "plainly and prominently" challenge the Amended Alcohol Ordinance's specific "mainstream exception."  Therefore, Plaintiffs can be said to have abandoned a potential challenge to the Amended Alcohol Ordinance's mainstream exception.  See <u>Jernigan</u>, 341 F.3d at 1283 n.8.

But the Amended Alcohol Ordinance's mainstream exception also incorporates by reference some definitions that are explicated in the Amended Adult Ordinance.  Plaintiffs do challenge these definitions.  We conclude below that these directly challenged definitions are not unconstitutionally overbroad.  So, even construing Plaintiffs' briefs liberally, an overbreadth challenge to the Amended Alcohol Ordinance based on the alleged faultiness of the mainstream exception fails.

We will decide nothing about vagueness.  Plaintiffs make no vagueness challenge to the Amended <u>Alcohol</u> Ordinance's mainstream exception (or to the part of the Amended Adult Ordinance that is directly incorporated by reference in the Amended Alcohol Ordinance's mainstream exception).  No vagueness issues necessary to adjudicate fully this appeal are "plainly and prominently" raised to us; we will decide nothing about vagueness.

15

that may -- along with serving alcohol -- at times feature some nudity or sexually explicit acts (like the traditional theater).[10]

Second, to establish unconstitutional overbreadth, the danger to the suppression of First Amendment rights must be both "real" and "substantial." Broadrick, 93 S. Ct at 2918. Plaintiffs predict that the Amended Alcohol Ordinance will ban an unconstitutionally broad range of expression. For example, Plaintiffs contend that the Ordinance would prohibit an establishment that features live performances only occasionally -- as opposed to regularly -- from staging a sexually explicit performance. But Plaintiffs' various predictions of banned expression are too improbable to amount to "real" and "substantial" dangers to the suppression of First Amendment rights. For example, that hotels or museums or other non-sexually oriented places that do not regularly offer live entertainment might at some point offer live (or non-live) nude entertainment plus alcohol

_____

[10]The Amended Alcohol Ordinance's "mainstream exception" provides, in pertinent part, these exceptions: "Nothing contained in paragraph (f) of Section 6-1071 shall apply to the premises of any mainstream theater, which means a theater, concert hall, museum, educational institution or similar establishment which regularly features live performances which are not distinguished or characterized by an emphasis on the depiction, display, or description or the featuring of 'specified anatomical areas' or 'specified sexual activities' in that the depiction, display, description or featuring is incidental to the primary purpose of any performance."

16

represents too remote of a possibility to pose a "real" and "substantial" danger of suppression of rights. The statute is not overbroad on this basis.[11]

iii. Vagueness

In the summary of the argument section, Plaintiffs' initial brief mentions in an oblique and conclusory way a challenge to the Amended Alcohol Ordinance on vagueness grounds. Our law requires more elaboration: "[Plaintiff-Appellant] only mentioned his . . . claim in the summary of the argument in his initial brief. Because [Plaintiff-Appellant] made no arguments on the merits as to this issue, the issue is deemed waived." Kelliher v. Veneman, 313 F.3d 1270, 1274 n.3 (11th Cir. 2002); see also Marek v. Singletary, 62 F.3d 1295, 1298 n.2 (11th Cir. 1995) ("Issues not clearly raised in the briefs are considered abandoned.") (emphasis added). Therefore, Plaintiffs abandon a potential vagueness challenge to the Amended Alcohol Ordinance.[12]

---

[11]In a similar way, the lack of a "limit on floor areas" in the Amended Alcohol Ordinance also does not lead to a "real" and "substantial" danger of suppression of First Amendment rights.

[12]Plaintiffs do make a cursory challenge to the Amended Adult Ordinance on vagueness grounds. But we will decide nothing about the Amended Adult Ordinance today. So, we also will not address Plaintiffs' vagueness challenge to the Amended Adult Ordinance. Therefore, we decide nothing about vagueness for the ordinances.

*B. Constitutionality of the Amended Adult Ordinance*

Plaintiffs also contend that the Amended Adult Ordinance unconstitutionally violates their free expression rights. We will decide nothing about the Amended Adult Ordinance today.

When a court upholds one statute that prohibits certain conduct, the court should not rule on the constitutionality of a second statute that also prohibits the same conduct: the second ruling would have no effect on the parties' behavior. S. Fla. Free Beaches, Inc. v. City of Miami, 734 F.2d 608, 612 (11th Cir. 1984); see also Cone Corp. v. Fla. Dep't of Transp., 921 F.2d 1190, 1210 (11th Cir. 1991) ("A fundamental principle of constitutional law dictates that a federal court should refuse to decide a constitutional issue unless a constitutional decision is strictly necessary.") (emphasis added).

We have upheld the Amended Alcohol Ordinance. The Amended Alcohol Ordinance constitutionally prohibits the same acts Plaintiffs desire to engage in (selling alcohol and providing nude dancing) that the Amended Adult Ordinance would prohibit. So, we decline to reach the constitutionality of the Amended Adult Ordinance.

*III.*      *Constitutionality of the Original Adult Ordinance and the Original Alcohol Ordinance*

Plaintiffs challenge the constitutionality of the Original Adult Ordinance. The District Court properly found section 6-3013 of the Original Adult Ordinance to be severable from the rest of the statute and to be enforceable. Section 6-3013 clearly proscribed the same acts (serving alcohol together with nude dancing) as does section 6-1071(f) of the Amended Alcohol Ordinance. As discussed above, section 6-1071(f) constitutionally prohibits serving alcohol together with nude dancing. For similar reasons, section 6-3013 of the Original Adult Ordinance also did not violate the First Amendment.

Plaintiffs also challenge the constitutionality of the Original Alcohol Ordinance. Because section 6-3013 of the Original Adult Ordinance -- which was in force at the same time as the Original Alcohol Ordinance -- constitutionally proscribed the same conduct proscribed by the Original Alcohol Ordinance, we do not address the constitutionality of the Original Alcohol Ordinance. Plaintiffs were not harmed by the allegedly unconstitutional portions of the Original Alcohol Ordinance and therefore we make no ruling about the Original Alcohol Ordinance. See S. Fla. Free Beaches, 734 F.2d at 612; see also supra.

*IV.*    *Malicious Arrest and Malicious Prosecution Claims*

Plaintiffs contend that the District Court erred in granting summary judgment to Defendants on the state-law-based malicious arrest claim and the federal-law-based malicious prosecution claim.

Malicious arrest under Georgia law requires an arrest without probable cause and with malice.  OCGA § 51-7-1.  Defendant Ranieri saw nude dancing plus alcohol being served at Curves.  Captain Ranieri thus possessed probable cause to cite Plaintiff Gann under Original Adult Ordinance § 6-3013, the enforcement of which the District Court had not enjoined.  The record reflects no evidence of malice.  Therefore, Plaintiff can sustain no malicious arrest claim; the District Court properly granted summary judgment for Defendant Ranieri.

A federal malicious prosecution claim under 42 U.S.C. § 1983 requires proving that a state actor committed the common law tort of malicious prosecution.  Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004).  In Georgia, the elements of the common law tort include, among other things, showing that a prosecution occurred without probable cause and with malice.  Wal-Mart Stores, Inc. v. Blackford, 449 S.E.2d 293, 294 (Ga. 1994).  Probable

cause existed to prosecute, and the record reflects no evidence of malice.  The

District Court properly granted summary judgment in favor of Defendants.


<u>CONCLUSION</u>


The District Court's decision granting summary judgment in favor of

Defendants is

AFFIRMED.