[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14560
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-02192-VMC-TGW

NOBLE SHAHEED ALLAH EL,
VERNA ALLAH EL,

                                                                    Plaintiffs-Appellants,

versus

AVESTA HOMES, LLC,
MARBELLA APARTMENTS,
CARMEN SIERRA,
manager,
LIZ MARIE COLBERT,
manager,
NATHANIEL FISCHER,
registered agent, et al.,

                                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 29, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Noble Shaheed Allah El and Verna Allah El appeal pro se the dismissal on jurisdictional grounds of their complaint contesting the propriety of their eviction by Avesta Homes, LLC, for failure to pay rent. After they were given an opportunity to amend their complaint and address its insufficient pleading, the Allah Els failed to file an amended complaint, but instead filed a motion to reconsider. As the motion to reconsider did not cure the deficient complaint, the district court dismissed the lone cognizable claim under federal law,[1] found a lack of diversity between the parties, and dismissed the remaining state claims for lack of jurisdiction.

## I. Dismissal of Discrimination and Denial of Housing Claims

We review de novo the grant of a motion to dismiss for failure to state a claim. McGinley v. Houston, 361 F.3d 1328, 1330 (11th Cir. 2004). Factual allegations made in the complaint must be taken as true and construed in the light most favorable to the plaintiff. Id. Complaints are not required to contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his

---

[1] The district court determined that the complaint's claim under Count II for housing discrimination provided "the sole [potential] basis for this court's subject matter jurisdiction." The Allah Els also pleaded a claim rooted in the Universal Declaration of Human Rights, Article 25(1), but the district court dismissed that claim on the ground that there was no basis for finding that the Declaration had force of federal law or that it applied to the Allah Els. The Allah Els failed to adequately raise this issue on appeal and as such it is waived. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

entitlement to relief requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65 (2007) (quotation marks and alteration omitted). Legal conclusions must be supported by factual allegations, and pleadings that merely contain conclusions do not demonstrate sufficient grounds for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 1949–50 (2009).

The Allah Els describe themselves as "sovereigns, Moorish nationals, and indigenous/aboriginal beings of Washitaw Indian decent." They argue that their complaint sufficiently pled claims under the Fair Housing Act (FHA) for housing discrimination on the basis of national origin and denial of adequate housing. See 42 U.S.C. § 3604(a). In order to prevail on a claim under the FHA, plaintiffs must demonstrate unequal treatment on the basis of national origin that affects the availability of housing. Id.; see Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1542 (11th Cir. 1994).

The district court did not err in dismissing the claims for housing discrimination under the FHA and denial of adequate housing, because the Allah Els failed to state a basis for relief for either claim in their complaint. Indeed, their claim for discrimination included no facts supporting that claim, but was based wholly on the alleged distinct national origins of the parties, the notices left by the apartment complex, and the eviction. The Allah Els simply copied § 3604(a) into

3

their complaint and declared the eviction to be discriminatory because the apartment complex managers are neither Moorish nationals nor indigenous/aboriginal beings.  However, a mere statement of a legal conclusion such as this one is not sufficient to allow their claim to survive.  Iqbal, 556 U.S. at 678–79, 129 S. Ct. at 1949–50.

## II. Dismissal of Complaint

We review de novo dismissals based on the absence of subject-matter jurisdiction.  Carmichael v. Kellogg, Brown & Root Serv., 572 F.3d 1271, 1279 (11th Cir. 2009).  "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  District court jurisdictional findings of fact are reviewed for clear error, a highly deferential review requiring this Court to uphold findings that are plausible in light of the entire record.  Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1085 (11th Cir. 2010).

Federal question jurisdiction exists only when the plaintiffs' well-pleaded complaint presents issues of federal law.  28 U.S.C. § 1331; Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011) (noting that preemption, which

4

does not apply here, is the only exception to this rule).  For federal diversity jurisdiction to attach, all plaintiffs must be completely diverse from all defendants, meaning they must be citizens of different states or citizens of a state and citizens of a foreign state, and the amount in controversy must be more than $75,000. Underwriters, 613 F.3d at 1085 (citing 28 U.S.C. § 1332(a)).  The party filing suit in federal court bears the burden of establishing facts supporting jurisdiction.  Id.

When the district court dismissed the Allah Els's claim under the FHA, it found a lack of subject matter jurisdiction insofar as the lone cognizable federal question was dismissed and no diversity existed between the parties.  See Smith, 236 F.3d at 1299.

The Allah Els argue that their status as Moorish Nationals and people of Washitaw Indian descent renders them diverse from the defendants for purposes of jurisdiction.  But the Allah Els pleaded no facts establishing that they were citizens of a different nation or resided in a state other than Florida.  Although the district court allowed them to amend their complaint, their response offered no new facts. Instead, they accused the district court judge of "suffering from the myth of white supremacy of 1863."[2]  Under these circumstances, the district court did not err in finding a lack of diversity between the parties.

---

[2] On appeal, the Allah Els formally raised issues of judicial bias for the first time.  The Allah Els failed to file a motion to recuse with the district court, and in the absence of such a motion this Court reviews for plain error.  Curves, LLC v. Spalding Cnty., Ga., 685 F.3d 1284, 1287 n.2

Because the district court properly concluded that it lacked subject-matter

jurisdiction based on a federal question or diversity jurisdiction, we affirm the

dismissal of the remaining state law claims and the complaint.

**AFFIRMED.**

---

(11th Cir. 2012).  Recusal is required when "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality."  Id. at 1287 (quotation marks omitted).  The Allah Els claim bias based on Judge Covington's denial of a jury trial demand submitted after the deadline, her attending law school at the same university from which a defendant secured a bachelor's degree, her longtime residence in the city where all the parties are domiciled, and her appearance in a newspaper article prior to dismissal of the case.  These claims do not show any objective cause for doubt in the judge's impartiality, See Curves, LLC, 685 F.3d at 1287, and retroactive recusal is not warranted.