[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16557
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-00100-JRH-WLB

DIAL HD, INC.,
a Georgia corporation,

Plaintiff,

DONALD BOWERS,
individually and as CEO of Dial HD, Inc.,

Plaintiff-Appellant,

versus

CLEARONE COMMUNICATIONS, INC.,

Defendant-Appellee.
_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 18, 2013)

Before CARNES, Chief Judge, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

On July 30, 2009, Donald Bowers and his company, Dial HD, Inc. ("Dial HD") (collectively, "Bowers"), filed a complaint in Georgia state court alleging that ClearOne Communications, Inc. ("ClearOne") engaged in tortious interference with his business relations, abusive litigation, and other state law claims. Bowers filed this action one day before he was set to appear at an evidentiary hearing on a motion seeking to hold Bowers in contempt for violation of an injunction, brought by ClearOne in a related case in Utah ("Utah Case"). In the Utah Case, ClearOne had prevailed in a trade secret infringement suit against Bowers's son, Lonny Bowers, and several others ("Utah Defendants"), and the Utah district court had issued a permanent injunction barring the Utah Defendants from disclosing, using, or transferring the trade secret at issue in that case. ClearOne later learned that the Utah Defendants and Bowers had established Dial HD and had begun to sell products containing the trade secret, and moved to hold Bowers in contempt.

ClearOne removed Bowers's state action to the U.S. District Court for the Southern District of Georgia, and moved for dismissal on the basis that Bowers had brought this action in retaliation for the Utah Case. Thereafter, the district court dismissed all but one of Bowers's claims, and said: "If it becomes clear to the [district court] that . . . this case has been brought in bad faith, the [c]ourt will not hesitate to . . . impos[e] sanctions." After summary judgment was entered against Bowers, and after several rounds of additional briefing, the district court

2

determined that it would impose sanctions on Bowers under its inherent power. At this point, Bowers's lawyer withdrew, and Bowers proceeded pro se in opposing ClearOne's fee petition. The district court awarded ClearOne $59,679.48 in attorneys' fees and costs.

Bowers, proceeding pro se on appeal, argues that: (1) he did not receive adequate notice of the district court's intent to use its inherent power; (2) the district court abused its discretion by imposing excessively high sanctions; (3) the district court abused its discretion by permitting Bowers's attorney to withdraw; (4) the district court abused its discretion by failing to sua sponte recuse himself; and (5) the district court's order granting sanctions should be vacated pursuant to O.C.G.A. § 17-1-4. After thorough review, we affirm.

I.

We review a district court's award of sanctions under Rule 11 or its inherent power for abuse of discretion. Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1237 (11th Cir. 2007). We review for clear error the district court's factual finding of bad faith. Mar. Mgmt., Inc. v. United States, 242 F.3d 1326, 1331 (11th Cir. 2001) (addressing an award under the Equal Access to Justice Act, 28 U.S.C. § 2412). We review for abuse of discretion the district court's imposition of sanctions in a certain amount, as well as the district court's order awarding attorneys' fees. Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d

3

1332, 1336 (11th Cir. 2002); Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). District courts have broad discretion to manage their cases. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366-67 (11th Cir. 1997). Thus, we review for abuse of discretion the district court's decision with respect to an attorney's motion to withdraw. See In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (bankruptcy appeal); Mekdeci v. Merrell Nat. Lab., 711 F.2d 1510, 1521 (11th Cir. 1983). We also review for abuse of discretion a district court's denial of a motion for an extension of time. See Young v. City of Palm Bay, Fla., 358 F.3d 859, 860-61, 863-65 (11th Cir. 2004). We generally review a district court's refusal to recuse for abuse of discretion. United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999). However, for issues of recusal raised for the first time on appeal, we review for plain error. Curves, LLC v. Spalding Cnty., Ga., 685 F.3d 1284, 1287 n.2 (11th Cir. 2012).

## II.

First, we find unavailing Bowers's argument that he did not receive adequate notice of the district court's intent to use its inherent power to impose sanctions. A district court may impose sanctions using its inherent power "if in the informed discretion of the court . . . the Rules are [not] up to the task." Peer v. Lewis, 606 F.3d 1306, 1315 (11th Cir. 2010) (quotation omitted). Before imposing sanctions under a district court's inherent powers, the district court must make a finding of

4

bad faith.  In re Mroz, 65 F.3d 1567, 1575 (11th Cir. 1995).  The court must make specific findings as to the party's conduct that warrants sanctions.  In re Porto, 645 F.3d 1294, 1304 (11th Cir. 2011) (addressing a bankruptcy court's imposition of sanctions).  Bad faith is an objective standard that is met if the party's conduct was objectively reckless, or outside of the bounds of acceptable conduct.  Amlong & Amlong, 500 F.3d at 1241 (addressing sanctions pursuant to 28 U.S.C. § 1927).

When a court imposes sanctions under its inherent power, "[d]ue process requires that the attorney (or party) be given fair notice that his conduct may warrant sanctions and the reasons why.  Notice can come from the party seeking sanctions, from the court, or from both."  Mroz, 65 F.3d at 1575 (citation omitted). In the context of Rule 11 sanctions, we've said that "due process will demand more specific notice" for a client than for an attorney.  Donaldson v. Clark, 819 F.2d 1551, 1560 (11th Cir. 1987).  The sanctioned party must have an opportunity to respond, orally or in writing, but the district court need not hold a separate hearing before imposing sanctions.  Id.  "[T]he timing and content of the notice . . . will depend upon an evaluation of all the circumstances and an appropriate accommodation of the competing interests involved."  Id. at 1558.

Bowers says that he received insufficient notice of the district court's intent to impose sanctions under its inherent power.  But the record shows that the district court warned him in an early order that it would impose sanctions if it found that

5

he had sued in bad faith, and ClearOne argued in its reply to Bowers's opposition to the summary judgment motion and in its reply to his opposition to the Rule 11 sanctions motion that the district court should impose sanctions under its inherent power. Bowers specifically responded that sanctions under the court's inherent power were inappropriate because he did not file his complaint in bad faith. On this record, the district court gave adequate notice of its intent to impose sanctions under its inherent power. Bowers's claim that only his attorney received notice of sanctions also fails. Indeed, <u>after</u> his lawyer withdrew, Bowers filed a <u>pro se</u> opposition to ClearOne's accounting of fees, arguing that the district court had improperly applied sanctions under its inherent power -- which indicates that Bowers himself had been notified.

Nor can we conclude that the district court clearly erred in finding as fact that Bowers's actions were tantamount to bad faith. <u>See</u> <u>Mar. Mgmt., Inc.</u>, 242 F.3d at 1331. Bowers's claim that the district court considered Bowers's actions in the Utah Case is meritless because the district court's finding of bad faith was expressly based only upon Bowers's conduct in this case. Further, the district court discussed the Utah Case in relation to its finding that Bowers's purpose in filing this action was to retaliate against ClearOne and to pursue a strategic advantage in that action. Similarly, it mentioned the proceedings in other jurisdictions to demonstrate Bowers's "overarching plan" to harass ClearOne.

Finally, as for Bowers's claim that the district court erred by failing to hold a hearing after he presented his and his attorney's affidavits attesting that Bowers did not act in bad faith, we've held that a district court need not hold a hearing before imposing Rule 11 sanctions. Moreover, the record shows that the district court considered Bowers's argument that he had presented evidence controverting ClearOne's claims of bad faith. It did not clearly err in determining that Bowers's evidence was insufficient to reconsider its decision to impose sanctions, nor in determining that Bowers acted in bad faith by disregarding its order directing him not to use this proceeding to gain materials for the Utah Case. Thus, we affirm the district court's order imposing sanctions on Bowers under its inherent power.

## III.

We likewise disagree with Bowers's claim that the district court abused its discretion by imposing excessively high sanctions. In calculating a reasonable award of attorneys' fees, a district court must first calculate the "lodestar" amount -- the number of hours reasonably expended multiplied by a reasonable hourly rate. Barnes, 168 F.3d at 427. A reasonable hourly rate is the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quotation omitted) (awarding attorneys' fees pursuant to 42 U.S.C. § 1988). The district court is "itself an expert" on the reasonableness of

hourly rates and "may consider its own knowledge and experience" on the topic. Id. (quotation omitted).  Further, the fee applicant must provide the district court with detailed evidence about the reasonable hourly rate, as well as records to show the time spent on the different claims and the general subject matter of the time expenditures set out with particularity.  Barnes, 168 F.3d at 427.  In addition, a "well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case."  Id. (quotation omitted).

We noted in Barnes that imprecise billing records, lumping together all tasks performed on a given day without specifying the amount of time spent on each task, make it difficult for the district court to calculate the number of hours an attorney devoted to a particular task.  Id. at 429.  Where an hour-by-hour review of fee documentation is "impractical," we have approved an across-the-board percentage cut to either the total number of hours claimed or to the lodestar amount.  Loranger, 10 F.3d at 783.  With respect to redactions, we have held that a district court did not abuse its discretion where "most" of the entries were not severely redacted, and the district court could use the surrounding time entries to conclude that the "time claimed . . . was spent on [the] matter."  Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1197 (11th Cir. 2002).  However, "where a significant number of entries are severely redacted or it appears that fee counsel

8

has failed to use billing judgment, it may be an abuse of discretion to award fees based on the redacted entries." Id.

Here, the district court did not abuse its discretion in awarding ClearOne $59,679.48. It specifically addressed each of Bowers's objections to ClearOne's accounting of costs, gave "principled reasons for those decisions, and show[ed] its calculation." See Barnes, 168 F.3d at 427 (quotation omitted). The district court reasonably reduced all of the hourly fees in excess of $250 to that rate based on its determination that $250 per hour was a reasonable rate in the Southern District of Georgia. It also reasonably applied a 25% across-the-board reduction to the fees charged by one law firm based on its conclusion that the firm used block billing, making it difficult to ascertain how much time was spent on each task. As for the redacted billing records, the district court correctly noted that one law firm's invoices had few redactions, and that while the other had more redactions, they were minor and the surrounding entries sufficiently showed that the time claimed was spent litigating this case. In any event, the 25% across-the-board reduction would correct any deficiencies that the redactions might have caused. Bowers has not shown that the district court abused its discretion concerning these issues.

The district court also determined that the case was not overstaffed because Bowers's initial and amended complaints raised multiple issues, and although six attorneys from two law firms worked on the case, two associates did the bulk of

9

the work.  The time entries showed distinct contributions from each attorney, and that each attorney spent a reasonable amount of time on their tasks.  Even if there were "minor deficiencies," the across-the-board cut rectified them.  Finally, the district court correctly noted that, contrary to Bowers's contention, ClearOne provided a summary chart of its charges, but that even if it had not done so, a summary chart was not a prerequisite for the award of attorneys' fees.  See Barnes, 168 F.3d at 427.  Thus, as with the attorneys' fees, Bowers has not shown that the district court's determinations were unreasonable or an abuse of its discretion.

In short, the district court did not make a clear error of judgment or apply the wrong legal standard in arriving at the sanctions award.  Furthermore, its order "allow[ed] meaningful review," including a detailed explanation of each charge and how it calculated the final amount.  See id.  We therefore affirm the district court's order imposing $59,679.48 in attorneys' fees and expenses to ClearOne.[1]

---

[1] Nor are we convinced by Bowers's remaining arguments.  First, we are unpersuaded by his claim that the district court abused its discretion by permitting Bowers's attorney to withdraw at the time he did, because, among other things, district courts have broad discretion to manage their cases, and Bowers has not shown that the district court mismanaged the case or that the grant of the attorney's motion to withdraw prejudiced him.  See Chudasama, 123 F.3d at 1366-67.  As for his claim that the district court abused its discretion by giving him 7 days to either obtain new counsel or file a response, rather than the 14 days that he requested, again, Bowers has not shown that the partial grant of his motion for an extension of time prejudiced him.  As for Bowers's argument that the district judge abused his discretion by failing to sua sponte recuse himself, Bowers's allegations of bias arise from judicial rulings, which almost never constitute a valid basis for a bias or partiality motion.  Moreover, the district court did not rely on extrajudicial knowledge, but on evidence introduced into the record by the parties, and in any event, a review of the record reveals no "deep-seated favoritism or antagonism," or any bias on the part of the district judge. Finally, we find no merit to Bowers's claim that the district court's order granting sanctions relied on a witness's perjured testimony and should be vacated under

10

**AFFIRMED.**

---

O.C.G.A. § 17-1-4.  As an initial matter, we will not consider the issue, because Bowers never argued before the district court that Fruit committed perjury, nor did he move for reconsideration of the sanctions orders based on Fruit's alleged perjury.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331-32 (11th Cir.2004).  But even if we were to consider this claim, O.C.G.A. § 17-1-4 is a state statute that does not apply in federal court.

11