[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13636

Non-Argument Calendar

_____

CRANDALL POSTELL,

Plaintiff-Appellant,

*versus*

CITY OF CORDELE GEORGIA,
a Georgia Municipal Corporation,
CITY COMMISSION,
of the City of Cordele,
CHAIRMAN JOHN WIGGINS,
VICE CHAIR JEANIE BARTEE,
ROYCE REEVES, SR., et al.,

as members in their official and individual capacities,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:19-cv-00148-LAG

_____

Before NEWSOM, GRANT, and HULL, Circuit Judges.

PER CURIAM:

Crandall Postell, proceeding pro se, appeals following the district court's dismissal of his third amended complaint for failure to state a claim. On appeal, Postell argues the district court (1) erred in denying his motion for recusal and (2) failed to demonstrate why amending his complaint for a fourth time would be futile. After careful review of the record, we affirm.

## I.    BACKGROUND

On August 30, 2019, Postell filed a pro se complaint with 130 allegations against 16 defendants. In December 2019, all defendants except one moved to dismiss Postell's complaint for failure to state a claim. In January 2020, Postell filed his first amended complaint and moved for leave to file that first amended complaint.

## A.    Dismissal without Prejudice and Leave to Amend

On September 29, 2020, the district court granted the defendants' motion to dismiss and dismissed without prejudice Postell's initial complaint as an impermissible shotgun pleading. The district court explained that Postell's initial complaint (1) failed to separate causes of action into different counts, (2) made "conclusory factual allegations," and (3) "use[d] unnecessary legal conclusions."

Further, the district court found that Postell's proposed first amended complaint was also an impermissible shotgun pleading because (1) it was "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (2) it "fail[ed] to specify which counts [were] against which [d]efendant," and (3) each count incorporated and realleged all the allegations preceding it.  (Quotation marks omitted).  For this reason, the district court denied Postell's motion for leave to file his first amended complaint.

But the district court allowed Postell to file a motion for leave to file a second amended complaint within 30 days.  The district court gave Postell the following instructions: (1) the second amended complaint must "set forth separate, discrete causes of action, pleaded in separate counts, which clearly identify the set of circumstances or allegations supporting each claim against each [d]efendant"; (2) he "must identify what precise conduct is attributable to each individual [d]efendant"; and (3) he must "not make conclusory legal statements or incorporate by reference all

preceding paragraphs into each count." The district court warned Postell that "[f]ailure to comply may result in the dismissal with prejudice and/or the imposition of sanctions."

## B.     Postell's Motions for Leave to Amend

On October 27, 2020, Postell moved for leave to amend his complaint and attached his proposed second amended complaint. But then, on December 9, 2020, Postell again moved for leave to amend and attached his proposed third amended complaint.

## C.     Postell's Motion for Recusal

On August 5, 2021, Postell moved to recuse the district court judge—Judge Leslie Gardner—based on her alleged "ongoing daily Illegal and Discriminatory Acts." Postell noted that Judge Gardner oversaw another case, *Whitest v. Crisp County Georgia Board of Education, et al.*, 1:17-cv-00109-LAG (M.D. Ga.), in which he was a plaintiff.[1] Postell asserted that Judge Gardner discriminated against him as a non-attorney, prevented him from conducting discovery, and delayed his two cases for over a year. Postell also claimed that in *Whitest*, Judge Gardner "teamed up with all [the] parties" and initiated ex parte communications with the defendants, in violation of his constitutional rights.

---

[1] Relevant to this appeal, in *Whitest*, Postell moved for sanctions against the American Civil Liberties Union ("ACLU") and some of its attorneys who were representing the plaintiffs.

### D.    Postell's Third Amended Complaint

On August 9, 2021, the district court granted Postell's motion for leave to file a third amended complaint that Postell filed back on December 9, 2020.

Postell's third amended complaint contained 23 counts and 320 allegations against the following defendants: (1) the City of Cordele, Georgia ("City"); (2) the Cordele Police Department; (3) the Cordele City Commission; (4) City Commissioners John Wiggins, Jeanie Bartee, Royce Reeves Sr., Vesta Beal Shepard, and Wesley Rainey; (5) Former City Commissioner Zack H. Wade; (6) Sergeant Louis New; (7) Judge G. Russell Wright; (8) Cotton Law Firm; (9) Edwin T. Cotton; (10) Billy Cannon; and (11) Mike Fraser's Auto Repair & Wrecker Service, Inc. ("Mike Fraser's Auto Repair").

Counts 1 to 15, 17 to 18, and 20 to 23 raised federal claims under 42 U.S.C. § 1983 for conspiracy to violate his constitutional rights and for violations of his First, Fourth, and Fourteenth Amendment rights.    Counts 16 and 19 asserted claims for negligence and conversion, respectively, under Georgia law. Postell sought (1) declaratory and injunctive relief, (2) attorneys' fees, and (3) compensatory and punitive damages.

On August 30, 2021, all defendants—except Billy Cannon and Mike Fraser's Auto Repair—moved to dismiss Postell's third amended complaint.

### E.    Denial of Recusal and Postell's Motion for Leave to Amend a Fourth Time

On March 14, 2022, the district court denied Postell's motion for recusal. The district court (1) explained that grievances against a judge's rulings and routine case administration efforts were not valid grounds for recusal and (2) concluded that Postell pointed to no evidence that the court harbored a personal bias against him or in favor of another party.

On April 29, 2022, Postell moved for leave to file a fourth amended complaint in order to add two newly elected members of the City Commission and Regions Bank as defendants.

### F.    Dismissal Order

On September 30, 2022, the district court (1) dismissed the claims against Billy Cannon and Mike Fraser's Auto Repair for failure to serve, (2) granted the remaining defendants' motion to dismiss Postell's third amended complaint, and (3) denied Postell's motion for leave to file a fourth amended complaint.

To begin with, the district court explained that, although it was dismissing Postell's third amended complaint for failure to state a claim, it could have dismissed the third amended complaint as an impermissible shotgun pleading because it was "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The district court also explained that the City Commission and the Cordele Police Department are not entities that can be sued.

Then, the district court turned to the federal claims (Counts 1 to 15, 16 to 18, and 20 to 23) and explained why each one failed to state a claim. As for Postell's state law claims (Counts 16 and 19), the district court declined to exercise supplemental jurisdiction over them because it had dismissed all his federal claims and found that he could still prosecute the state law claims in state court.

Lastly, regarding the denial of Postell's motion for leave to file a fourth amended complaint, the district court concluded that nothing suggested another amended complaint would produce sufficient claims because (1) Postell had received multiple opportunities to amend his pleadings, (2) he failed to comply with the court's specific instructions on how to cure the deficiencies in his pleadings, and (3) he filed a cursory response to the motion to dismiss.

Following entry of final judgment, Postell timely appealed.

## II.     MOTION TO RECUSE

On appeal, Postell challenges the district court's denial of his motion to recuse. Below, we set forth our standards of review and the statutes governing recusal, and then we explain why Postell's challenge fails.

### A.     Standards of Review

Typically, we review a denial of a motion for recusal for abuse of discretion. *In re Walker*, 532 F.3d 1304, 1308 (11th Cir. 2008). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect

manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (quotation marks omitted).

However, if a party fails to make a recusal argument to the district court, we review for plain error. *Hamm v. Members of Bd. of Regents*, 708 F.2d 647, 651 (11th Cir. 1983). Under plain error review, the party raising the issue has the burden to show that (1) there is error (2) that is plain (3) that affects a defendant's substantial rights and (4) that "not correcting the error would seriously affect the fairness of the judicial proceeding." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999).

## B.    Recusal Generally

Recusal is governed by 28 U.S.C. §§ 144 and 455. *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004). Under § 144, a judge must recuse herself when a party to a district court proceeding files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party. 28 U.S.C. § 144. To warrant recusal under § 144, the moving party must, among other things, allege facts that would convince a reasonable person

that bias actually exists. *United States v. Serrano*, 607 F.2d 1145, 1150 (5th Cir. 1979).[2]

Section 455 designates two primary reasons that a judge must recuse herself. *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). First, under § 455(a), a judge "shall disqualify h[er]self in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard of review for whether a judge should have recused herself under § 455(a) "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Patti*, 337 F.3d at 1321 (quotation marks omitted).

Second, under § 455(b)(1), a judge shall also disqualify herself if "[s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The Supreme Court, however, has stated that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157 (1994). Indeed, bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

prejudices one of the parties." *Berger*, 375 F.3d at 1227 (quotation marks omitted).

## C.    Application to Postell

Here, Postell challenges Judge Gardner's impartiality on three grounds. We address each in turn.

First, Postell contends that Judge Gardner is biased because she intentionally delayed this case for over a year and "prevented" him from discovery.[3] These complaints amount to nothing more than disagreements with Judge Gardner's docket administration, timeliness, and judicial rulings and are thus not valid bases for recusal. *See Liteky*, 510 U.S. at 556, 114 S. Ct. at 1157 (explaining that "[a] judge's ordinary efforts at courtroom administration" are not grounds for recusal); *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1274 (11th Cir. 2009) ("Challenges to adverse rulings are generally grounds for appeal, not recusal."); *Loranger v. Stierheim*, 10 F.3d 776, 780–81 (11th Cir. 1994) (explaining that a district court's delay does not require recusal). Judge Gardner did not abuse her discretion in denying Postell's motion for recusal on this basis.

Second, Postell argues that Judge Gardner is biased because she engaged in ex parte communications with opposing parties

---

[3] The defendants moved to stay discovery pending a ruling on their motions to dismiss Postell's initial and third amended complaints. Postell did not respond to those motions to stay. Exercising her broad discretion to stay discovery and pretrial deadlines, *see Panola Land Buyers Association v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985), Judge Gardner granted both motions to stay discovery.

regarding a potential consent order in *Whitest*. In support, Postell's brief on appeal purports to quote or paraphrase excerpts from a telephonic hearing in *Whitest*.

But the transcript of that hearing is not in the record in this case, and Postell thus lacks evidence to support the statements in his brief. In any event, the portions of the transcript that Postell purports to quote or paraphrase do not reveal any pervasive bias or prejudice warranting recusal. Rather, the excerpts indicate that (1) Judge Gardner asked whether Postell and other pro se plaintiffs had consented to the proposed settlement and explained that she did not believe she could enter a consent order without the consent of all parties; (2) counsel for the other plaintiffs disagreed; (3) Judge Gardner and counsel discussed her legal authority to enter the proposed consent order without the agreement of all parties; and (4) eventually, Judge Gardner ordered the parties to brief the issue and stated that she would not get into the "substantive issues" without everyone present. This exchange between a judge and a lawyer from an unrelated case does not provide a basis for Judge Gardner's recusal in this separate case. *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) ("[E]xcept where pervasive bias is shown, a judge's rulings in the same or a related case are not a sufficient basis for recusal."). Judge Gardner did not abuse her discretion in denying Postell's motion for recusal on this basis.

Third, Postell contends that Judge Gardner's impartiality might reasonably be questioned because (1) he filed a motion for sanctions against the ACLU in *Whitest* and (2) were Judge Gardner

to grant his motion for sanctions, "the ACLU would lose [a] substantial amount of money and so would Judge Gardner's sister, Stacey Abrams," who participated in multiple "highly-publicized efforts with the ACLU."

As an initial matter, Postell did not make this argument in the district court. Accordingly, we review this contention for plain error. *See Hamm*, 708 F.2d at 651; *see also Curves, LLC v. Spalding Cnty.*, 685 F.3d 1284, 1287 n.2 (11th Cir. 2012).

We readily conclude that there is no error—let alone plain error—in Judge Gardner's failure to recuse herself because of the alleged connections between her sister and the ACLU. Postell does not explain how the alleged favoritism of another party (the ACLU) in a different case (*Whitest*) would result in an objective observer questioning Judge Gardner's impartiality in this case—where neither her sister nor the ACLU is a party.

In sum, we affirm the district court's denial of Postell's motion for recusal.

### III.    MOTION FOR LEAVE TO FILE A FOURTH AMENDED COMPLAINT

On appeal, Postell also argues that the district court failed to explain why amending his complaint a fourth time would be futile.

We generally review the denial of a motion to amend a complaint for an abuse of discretion. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010). Leave to amend "should be freely given" if the "underlying facts or circumstances relied upon

by a plaintiff may be a proper subject of relief." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004) (quotation marks omitted). However, a court may deny leave to amend the complaint "when such amendment would be futile." *Id.* at 1263. An amendment is futile when the complaint as amended would still be subject to dismissal. *Id.*

Here, the district court did not abuse its discretion in denying Postell's motion for leave to file a fourth amended complaint. The district court had already given Postell multiple opportunities to amend his complaint to state a valid claim for relief. In fact, Postell filed an initial complaint followed by three amended complaints. Despite these opportunities and explicit instructions from the district court on how to avoid dismissal of his complaint, Postell's third amended complaint still failed to properly plead any federal claim for relief and was "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."

Moreover, nothing in the proposed fourth amended complaint ameliorated the deficiencies in the third amended complaint. Rather, Postell merely sought to add two additional defendants, while the remainder of the proposed fourth amended complaint was largely identical to the third amended complaint.

Because granting Postell's motion for leave to file a fourth amended complaint would have been futile, the district court did not abuse its discretion in denying the same. *See Hall*, 367 F.3d at 1262–63.

## IV.　CONCLUSION

For these reasons, we affirm the district court's denial of Postell's motion for recusal and motion for leave to file a fourth amended complaint.[4]

**AFFIRMED.**

---

[4] Although Postell titles a portion of his opening brief "MOTION TO DISMISS," he does not appear to challenge the district court's reasons for dismissal.  Thus, Postell abandoned any challenge on appeal, beyond those already discussed *supra*, to the district court's dismissal of his third amended complaint.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).