[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-10614

Non-Argument Calendar

_____

WASEEM DAKER,

Plaintiff-Appellant,

*versus*

D. VICTOR REYNOLDS,
former District Attorney,
DISTRICT ATTORNEY JOYETTE HOLMES,
AMELIA G. PRAY,
Assistant District Attorney, Cobb County,
CHRISTINA WILLOUGHBY,
Administrative Assistant,

2                          Opinion of the Court                    21-10614

                                                  Defendants-Appellees.

—————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-02650-WMR

—————————————

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Waseem Daker, a Georgia prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his first amended civil complaint for failure to state a claim; the district court's denial of his motion to alter or amend judgment, pursuant to Federal Rule of Civil Procedure 59(e); and the district court's denial of his motion for leave to amend. He presents three main arguments on appeal: (1) the district court judge and magistrate judge abused their discretion in failing to *sua sponte* recuse themselves; (2) the district court erred in dismissing his complaint for failure to state a claim; and (3) the district court abused its discretion in denying his supplemental Rule 59(e) motion without granting his request for leave to amend the first amended complaint. Because Daker has shown no reversible error, we affirm.

## I.    Background

In May 2020, Daker filed a *pro se* civil complaint under 42 U.S.C. § 1983, asserting six claims against several Cobb County, Georgia, employees, namely, D. Victor Reynolds, a former district attorney; Joyette Holmes, a former district attorney; Christina Willoughby, an administrative specialist; and Amelia Pray, an assistant district attorney (collectively "Cobb defendants"). In the complaint, Daker asserted that he was convicted in 1996 in Cobb County of two counts of aggravated stalking, and then again in 2012 of several other offenses, including malice murder, burglary, false imprisonment, aggravated battery, and attempted aggravated stalking. Daker explained that, since his convictions, he had filed several habeas corpus petitions in both state and federal court challenging his 1996 and 2012 convictions.

Daker then alleged that between 2017 and 2019, the Cobb defendants denied, ignored, or failed to timely respond to multiple Georgia Open Records Act ("ORA") requests that Daker submitted seeking a copy of files that he originally possessed and copied onto a USB drive for the assistant district attorney during his 2012 case. He maintained that by denying, ignoring, or not responding to his requests, the Cobb defendants violated his First Amendment right of access to courts, the ORA, and other Georgia statutes. However, he did not provide any detail as to what was on the USB drive, why he needed the files, or how he was injured by his inability to access the files. Daker sought declaratory relief,

compensatory and punitive damages, nominal damages, as well as injunctive relief.

Pursuant to 28 U.S.C. § 1915A of the Prison Litigation Reform Act ("PLRA"),[1] a magistrate judge conducted an initial screening of Daker's complaint and recommended dismissal. The magistrate judge determined that count one against defendant Willoughby, which was based on Willoughby's February 2017 denial of Daker's ORA request, was time-barred because Daker filed the complaint in May 2020, outside the relevant two-year statute of limitations. The magistrate judge further concluded that Daker failed to state an access to court claim against any defendant because he failed to allege or show an actual injury that resulted from the defendants' actions—such as a missed filing deadline or an inability to present claims because he lacked the requested files. Finally, the magistrate judge recommended the dismissal of Daker's state law claims for lack of diversity jurisdiction.

In response, Daker filed a first amended complaint (which provided some of the missing details from the original complaint concerning the files) along with his objections to the magistrate judge's report and recommendation ("R&R"). He alleged that the

---

[1] The PLRA provides that when a prisoner in a civil action "seeks redress from a governmental entity or officer or employee of a governmental entity," the district court shall review the complaint and shall "dismiss the complaint, or any portion" thereof, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune for such relief." 28 U.S.C. § 1915A(a)–(b).

police executed several search warrants on his home in connection with the 2012 case and seized numerous items, including his personal computer. During the 2012 trial, Daker, who represented himself *pro se* with standby counsel, requested permission to inspect his seized laptop to obtain files relevant to his defense. Initially, the agreement was that an assistant district attorney and the state's investigator would sit with Daker while he copied the files and make a list of every file he copied "to make sure that he [did] not get the pornography, the escape books, the killing, the bomb books, and all the other things that [were] on there" that could be a threat to jail security. However, halfway through the copying of the files, the State suggested that instead of making a handwritten list of the files, it should get a copy of the files on the USB drive. Daker objected, arguing that giving the State a copy of the files would force him to "disclose trial strategy and work product" and "consent to a search of his computer without a warrant." The trial court ruled that Daker could only access the files if he provided a copy to the State.

According to Daker, in 2017, he filed a state habeas action that included three claims related to the copying of the files and the trial court's ruling, but he was unable to support these claims

because the Cobb defendants denied, ignored, or otherwise did not respond to his numerous requests for access to the copied files.[2]

The amended complaint also included three additional claims. Specifically, he alleged in Claims 6 and 7 that he sent two ORA requests for "all digital data" obtained from his property in the possession of the district attorney's office, which the defendants either failed to timely respond to or ignored. He alleged in Claim 8 that he requested the return of all property seized from him during his prior trials, but the police refused to release the property without authorization from the district attorney's office, which he alleged violated the Fifth Amendment Takings Clause and the Fourteenth Amendment Due Process Clause. Finally, Daker argued that all of his claims were timely.

In his objections to the R&R, Daker alleged in relevant part that the magistrate judge (1) failed to construe the factual allegations in the light most favorable to him as required by § 1915A; (2) erred in finding that the complaint was filed in May 2020, as opposed to January 2020; (3) erred in considering the

---

[2] Daker referred to the following claims from his 2017 state habeas petition: (1) "that the trial court acted as a 'surrogate prosecutor' . . . throughout the trial in general and in ruling on this matter in particular"; (2) the requirement that he "could only have access to the files if he also provided them to the State forced him to disclose trial strategy and work product" in violation of the Fifth, Sixth, and Fourteenth Amendments; and (3) the requirement that he give the State access to the files violated his Fourth Amendment right to be free from unreasonable search and seizure and his Sixth Amendment right to compulsory process.

statute of limitations defense *sua sponte* and in holding that Count One (related to the February 2017 denial of his ORA request) was time-barred; and (4) erred in concluding that his *pro se* complaint, when construed liberally, failed to state an access to courts claim. He also asserted that his amended complaint set forth additional facts in support of his access to court claims.

The district court overruled Daker's objections, adopted the R&R, and dismissed the complaint without prejudice. In doing so, the district court considered the allegations in Daker's first amended complaint.[3] The district court did not address the statute of limitations issue. Instead, the court concluded that, regardless of whether the claims were timely, Daker failed to state a viable access to courts claim. The district court explained that, even though Daker generally asserted that his lack of access to the files prevented him from supporting certain claims, he failed to describe what information was in those files or how that information would have helped him support those claims.[4] As a result, his claim that

---

[3] The district court noted that Daker failed to sign the first amended complaint, making it "a legal nullity," but because the failure to sign was a curable defect, the court still considered the allegations in the first amended complaint.

[4] The district court noted that the files were originally Daker's and he downloaded the files and gave them to the State, and, therefore, "he must have at least a general idea of what files the jump drive contained." Accordingly, the district court determined that Daker's "failure to provide even the slightest description of what information in those files would have helped him in his

"he suffered an actual injury in the pursuit of habeas corpus relief because he was prevented from presenting his claims [was] entirely speculative." Finally, the district court concluded that there being no diversity jurisdiction, it lacked jurisdiction over the state law claims.[5]

Daker subsequently filed a motion to vacate the district court's order under Federal Rule of Civil Procedure 59(e), arguing that the district court committed various errors in dismissing his complaint. A few weeks later, he filed a supplemental Rule 59(e) motion, in which he requested the opportunity to again amend his complaint, and he argued that the district court erred in dismissing his complaint without first providing him with notice and an opportunity to respond. He attached a copy of his proposed second amended complaint. The district court denied Daker's initial Rule 59(e) motion, concluding that Daker "failed to demonstrate that he [was] entitled to the relief he [sought]." It then denied the supplemental Rule 59(e) motion, concluding that Daker was not entitled to relief and that leave to amend was futile. In doing so, the district court considered Daker's second amended complaint

state habeas corpus action renders his access-to-courts claim[s] incomplete and unavailing"—particularly in light of Daker's lengthy history of frivolous litigation.

[5] Daker states that he is not challenging the diversity jurisdiction ruling on appeal.

and again concluded that he failed to state a viable access to courts claim. Daker appealed to this Court.

During the pendency of his appeal, the Supreme Court of Georgia affirmed the grant of state habeas relief on Daker's claim that the trial court erroneously denied him his constitutional right to appellate counsel in his initial *pro se* appeal. *Allen v. Daker*, 858 S.E.2d 731, 735 (Ga. 2021). Thus, the Court remanded the case to the state habeas court with instruction to "grant relief to Daker in the form of a second, out-of-time direct appeal so that he may start the post-conviction process anew in the trial court." *Id.*

## II.    Discussion

### A. *Whether the district court judge and magistrate judge erred in failing to sua sponte recuse themselves*

Daker argues that the district court judge and magistrate judge abused their discretion by failing to recuse themselves *sua sponte* under 28 U.S.C. § 455(a). He notes that almost a year after the district court's rulings in this case, both the district court judge and magistrate judge recused themselves from several of Daker's other cases.[6] He maintains that because of the subsequent

---

[6] Specifically, the district court judge granted Daker's recusal motion in another case and recused himself from five of Daker's pending actions, stating

> while the undersigned has always acted his best to make the correct decision on the seemingly endless motions that Daker

recusals, the district court's order here should be vacated and the case remanded and assigned to new judges.

Although Daker argues that the judges abused their discretion in failing to *sua sponte* recused themselves, when, as here, a plaintiff raises a recusal issue for the first time on appeal, we review for plain error only. *Curves, LLC v. Spalding Cnty., Ga.*, 685 F.3d 1284, 1287 n.2 (11th Cir. 2012); *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). "Plain error review is an extremely stringent form of review," and the plaintiff has the burden to show that (1) an error occurred (2) that the "error was plain" (3) that it affected the plaintiff's substantial rights and (4) "not correcting the error would

---

files in all his cases, the undersigned acknowledges that he has become fatigued by the sheer volume of Daker's litigious and vexatious case filings, as well as Daker's tendency to cast repeated aspersions on the integrity of this Court whenever an adverse ruling is made. Thus, to avoid any question as to the undersigned's impartiality going forward in any of Daker's pending cases, a change seems to be prudent here.

*Daker v. Warren*, No. 1:14-cv-03180-SDG, Doc. 155 at 2–3 (N.D. Ga. Mar. 30, 2022).

Similarly, the magistrate judge granted Daker's motion for recusal in another one of his cases, stating "[o]ut of an abundance of caution and for the reasons stated by [the district court judge], I will also RECUSE from the three pending actions listed in the caption and any Daker matters that are reopened or filed in the future." *Daker v. Keaton*, No. 1:16-cv-03745-SDG, Doc. 73 at 3 (N.D. Ga. Mar. 31, 2022).

seriously affect the fairness of the judicial proceeding." *Farley v. Nationwide Mut. Ins. Co.,* 197 F.3d 1322, 1329 (11th Cir. 1999).

Section 455 of Title 28 of the United States Code sets forth two conditions for recusal. 28 U.S.C. § 455(a)–(b). Subsection (a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id.* § 455(a). The question for purposes of § 455(a) "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality, and any doubts must be resolved in favor of recusal." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal citations and quotations omitted).

Second, under subsection (b), a judge must recuse himself "[w]here he has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b)(1); *see also Patti*, 337 F.3d at 1321 (explaining that recusal under subsection (b) is mandatory once it is established that any of the enumerated circumstances in (b) exist). "The bias or prejudice must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007) (quotations omitted). Importantly, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current . . . [or] prior proceedings, do not constitute a basis for a bias or partiality motion

unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Absent evidence of pervasive bias and prejudice, "a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).

Daker has not shown that any error—much less plain error—occurred when the judges failed to *sua sponte* recuse themselves in this case. Daker's sole contention in support of recusal is that both the magistrate judge and the district court judge have since recused themselves in other cases brought by Daker. But "a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." *McWhorter*, 906 F.2d at 678. Furthermore, we note that their subsequent recusals in other cases stemmed from Daker's own recusal motions (which he did not file in this case), and there is no evidence of persuasive bias or prejudice on the part of either judge. And nothing in either judge's recusal statement in those cases or their conduct in this case would cause an objective, disinterested lay observer to question the judges' impartiality in the instant case. *Patti*, 337 F.3d at 1321. Accordingly, Daker failed to show plain error and is not entitled to relief on this claim.

### B. *Whether the district court erred in dismissing the complaint*

Daker argues that the magistrate judge and district court erred in construing the facts and inferences against him and

concluding that he failed to state a viable access to courts claim.[7] He also argues that the district court erred in dismissing the complaint because he did not receive the proper notice and opportunity to respond prior to the dismissal.[8] Finally, Daker argues that the district court erred in failing to consider and address the three new claims in his first amended complaint.

"A district court's decision to dismiss for failure to state a claim under 28 U.S.C. § 1915A is reviewed *de novo*, taking the allegations in the complaint as true." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). The same standards that apply to a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply to dismissals under § 1915A. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001).

We construe *pro se* pleadings liberally, but we will not "serve as *de facto* counsel" or "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotations omitted). We may affirm on any ground supported by the record, regardless

---

[7] Daker also takes issue with the magistrate judge's statute of limitations determination. Because the district court did not adopt the timeliness determination in dismissing the complaint, we do not address this issue.

[8] Daker argues that the district court erred in concluding that the first amended complaint was a legal nullity because he did not sign it. We find it unnecessary to reach this issue because the district court expressly stated that, notwithstanding this determination, it still considered the allegations in the first amended complaint.

of whether that ground was relied upon or even considered below. *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).

As an initial matter, Daker was not entitled to notice and an opportunity to respond prior to the dismissal of his complaint. Under § 1915A, the district court was authorized to *sua sponte* dismiss Daker's amended complaint "as soon as practicable after docketing" based solely on the allegations in his complaint and without the consideration of additional arguments. *See* 28 U.S.C. § 1915A(a)–(b). Additionally, we note that Daker had the opportunity to object to the magistrate judge's R&R before the district court entered its order, which is sufficient to satisfy due process. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (holding no due process violation where district court *sua sponte* dismissed complaint under § 1915(e)(2)(B)(ii) for failure to state a claim because plaintiff had an opportunity to file objections to the R&R before the district court issued its decision).

Now we turn to the substance of Daker's complaint. Taking the complaint as true and construing all reasonable inferences in Daker's favor, he failed to state a viable access to courts claim because he failed to show an actual injury. Specifically, in order to assert a claim arising from the denial of access to the courts, a prisoner "must first establish an actual injury." *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006) (citing *Lewis v. Casey*, 518 U.S. 343, 349–50 (1996)). "Actual injury may be established by demonstrating that an inmate's efforts to pursue a nonfrivolous claim were frustrated or impeded by . . . an official's action." *Id.*

Thus, "[t]o prevail, a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials. *Wilson v. Blankenship*, 163 F.3d 1284, 1290–91 (11th Cir. 1998). Additionally, "a litigant asserting an access claim must also prove that he has a colorable underlying claim for which he seeks relief." *Barbour*, 471 F.3d at 1226. "Thus, the plaintiff must identify within his complaint, a nonfrivolous, arguable underlying claim." *Id.* (quotation omitted).

Daker asserted that the files he requested from the Cobb defendants were necessary to support three of the allegations from his 2017 state habeas petition.[9] However, nowhere in his initial, first or second amended complaint did he describe what information was in those files or how that information would have aided in support of his three state habeas claims that: (1) "the trial court acted as a 'surrogate prosecutor' . . . throughout the trial in general and in ruling on this matter in particular"; (2) the requirement that he "could only have access to the files if he also provided them to the State forced him to disclose trial strategy and work product" in violation of the Fifth, Sixth, and Fourteenth

---

[9] Daker did not explain in his initial or first amended complaint why he no longer had the files. However, for the first time in the second amended complaint that Daker included with his supplemental Rule 59(e) motion, he explained that he no longer has the files because his standby counsel did not "preserve" the USB drive that the files were on, and, therefore, he needed the files from the Cobb defendants.

Amendments; and (3) the requirement that he give the state access to the files violated his Fourth Amendment right to be free from unreasonable search and seizure and his Sixth Amendment right to compulsory process.    Thus, he failed to satisfy all of the requirements for establishing an actual injury.  Nor did he provide any information that tended to demonstrate that these underlying claims were colorable.  *Barbour*, 471 F.3d at 1226.

Moreover, Daker cannot show an actual injury because the Supreme Court of Georgia has granted him a belated direct appeal and instructed that the postconviction process will begin anew in state court.  Thus, he cannot show that the Cobb defendants' actions have impeded or otherwise led to the denial or dismissal of his habeas claims because the state postconviction process is beginning anew.  *Wilson*, 163 F.3d at 1290–91.

Likewise, Daker cannot show that the district court erred in failing to address his three new claims in the first amended complaint.  Claims 6 and 7 were denial of access to courts claims based on Daker's requests in 2020 for copies of the files from the Cobb defendants.  As discussed above, Daker failed to state a viable access to courts claim.[10]  Accordingly, the district court did not err in dismissing the complaint for failure to state a claim.

---

[10] As for Claim 8, it does not appear that the district court addressed Daker's claim that the defendants violated the Fifth Amendment Takings Clause and the Fourteenth Amendment due process clause when they denied his request

21-10614                Opinion of the Court                17

### C. Whether the district court erred in denying the motion to amend the first amended complaint

Daker argues that the district court erred in denying his motion for leave to amend his first amended complaint because motions for leave to amend a complaint should be granted liberally.[11]

Generally, we review a district court's decision to deny a motion to amend for an abuse of discretion. *Marrache v. Bacardi*

---

to return property seized in relation to his 2012 trial. Nevertheless, we need not remand because it is plain from the face of his complaint that Daker failed to state a claim. It is not clear that the Takings Clause applies to seizures of property pursuant to lawful search warrants in criminal actions. *See, e.g.*, *Johnson v. Manitowoc Cnty.*, 635 F.3d 331, 336 (7th Cir. 2011) ("[T]he Takings Clause does not apply when property is retained or damaged as the result of the government's exercise of its authority pursuant to some power other than the power of eminent domain."); *AmeriSource Corp. v. United States*, 525 F.3d 1149, 1153 (Fed. Cir. 2008) ("Property seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause."). But in any event, Daker merely asserted that he requested return of all the property seized in relation to his criminal case, the defendants denied his request, and that this this denial violated the Fifth and Fourteenth Amendment. But "the pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Daker's sparse allegations, without more, are insufficient to state a Takings Clause or a due process claim.

[11] Daker also argues that the district court judge should have *sua sponte* recused himself prior to ruling on his supplemental Rule 59(e) motion and motion to amend. This argument fails because, as discussed above, there was no basis for recusal.

*U.S.A., Inc.*, 17 F.4th 1084, 1092 (11th Cir. 2021). "But we will review *de novo* an order denying leave to amend on the grounds of futility, because it is a conclusion of law that an amended complaint would necessarily fail." *Id.* (quotation omitted).

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course," but any amendment after that requires the written consent of the other party "or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). It also provides that "[t]he court should freely give leave when justice so requires." *Id.* Rule 15(a)(2). However, a court may deny leave to amend the complaint "when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). An amendment is futile when the complaint as amended would still be subject to dismissal. *Id.*

The district court did not err in denying Daker's motion for leave to amend because amendment was futile. Once again, Daker did not explain in his second amended complaint how the files related to or would otherwise help him support his three state habeas claims. Moreover, he cannot show actual injury because even though those habeas claims were initially denied, he has since been granted a belated direct appeal and the state habeas process is beginning anew. Accordingly, the second amended complaint was still subject to dismissal, and the district court properly concluded that amendment was futile. *Id.*

**AFFIRMED.**